17 Civ. 4828 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADELEINE C. BALL,

                                      Plaintiff,

-against-

NEW YORK CITY COUNCIL, MELISSA MARK-VIVERITO, in her capacity as Speaker of the New York City Council, RAMON MARTINEZ, in his capacity as Chief of Staff for Council Speaker Melissa Mark-Viverito, and WILLIAM ALATRISTE, in his capacity as Staff Photographer for the New York City Council Press Office,

                                      Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Tomasz Pacholec*
*Tel: (212) 356-2470*
*Matter No. 2017-038816*

**TABLE OF CONTENTS**

                                                                                                                             **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 4

    I.  PLAINTIFF LACKS STANDING TO BRING HER FLSA CLAIM AND THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR PLAINTIFF'S SOLE FEDERAL CLAIM ............................................................................................................ 4

    II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM ................................... 7

        A.    Applicable Pleading Standard .................................................................................. 7

        B.    Defendants Melissa Mark-Viverito, Ramon Martinez, and William Alatriste Should Be Dismissed From This Matter .................................................................. 7

        C.    The New York City Council is Not an Employer Under New York Labor Law ..... 8

        D.    Plaintiff Fails to State a New York State Contract Law Claim ............................... 9

CONCLUSION ........................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Advanced Refractory Techs., Inc. v. Power Auth.,
   82 N.Y.2d 670 (N.Y. 1993) ...........................................................................................10

Matter of Amsterdam Nursing Home Corp. v. Daines,
   68 A.D.3d 1591 (3rd Dept. 2009) ...................................................................................10

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ..........................................................................................................7

Bell Atl. Corp v. Twombly,
   550 U.S. 544 (2007) ..........................................................................................................7

Candelaria v. Cunningham,
   2000 U.S. Dist. LEXIS 8669 (S.D.N.Y. June 20, 2000) ..................................................8

Eng v. City of N.Y.,
   2017 U.S. Dist. LEXIS 49520 (S.D.N.Y. Mar. 29, 2017) ................................................9

Eternity Global Master Fund Ltd. V. Morgan Guar. Trust Co. of N.Y.,
   375 F.3d 168 (2d Cir. 2004) ............................................................................................10

Glatt v. Fox Searchlight Pictures, Inc.,
   811 F.3d 528 (2d Cir. 2015) ..........................................................................................5, 6

Hafer v. Melo,
   502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ...................................................8

Lifrak v. New York City Council,
   389 F.Supp. 2d 500 (S.D.N.Y. 2005) ............................................................................5, 6

Makarova v. United States,
   201 F.3d 110 (2d Cir. 2000) ..............................................................................................4

Manway Constr. Co., Inc. v. Hous. Auth. Of City of Hartford,
   711 F.2d 501 (2d Cir. 1983) ..............................................................................................4

Miteva v. Third Point Management Co., L.L.C.,
   323 F.Supp. 2d 573 (S.D.N.Y. 2004) ................................................................................8

N.Y. Metro Area Postal Union v. Potter,
   2003 U.S. Dist. LEXIS 4904 (S.D.N.Y. Mar. 28, 2003) ..................................................5

Patrowich v. Chemical Bank,
    63 N.Y.2d 541 (1984) ...........................................................................................................8

Phaneuf v. City of Plattsburgh,
    84 Misc. 2d 70 (Sup. Ct., Clinton Cty. 1974), aff'd 50 A.D.2d 614 (3d Dep't
    1975) ....................................................................................................................................9

Resetarits Const. Corp. v. Olmsted,
    118 A.D.3d 1454 (N.Y. App. Div. 2014) ..........................................................................10

Salling v. Koch,
    115 Misc. 2d 514 (Sup. Ct. N.Y. Cty. 1982) .......................................................................9

Summa v. Hofstra Univ.,
    715 F.Supp. 2d 378 (E.D.N.Y. 2010) ..................................................................................5

Village of Pelham v. City of Mount Vernon Industr. Dev. Corp.,
    302 A.D.2d 399 (2d Dep't 2003) .........................................................................................9

Yu v. New York City Hous. Dev. Corp.,
    2011 U.S. Dist. LEXIS 59702 (S.D.N.Y. June 3, 2011) ......................................................8

**Statutes**

28 U.S.C. § 1367(c)(3) ....................................................................................................................7

29 U.S.C. 255(a) .............................................................................................................................6

29 U.S.C. § 203 ...............................................................................................................................5

29 U.S.C. § 203(e)(2)(C) ................................................................................................................5

29 U.S.C. § 203(e)(2)(C)(ii)(V) .....................................................................................................6

29 U.S.C. § 216(b) ..........................................................................................................................5

Fair Labor Standards Act ("FLSA") .................................................................................1, 2, 5, 6

N.Y. Labor Law § 190 (3) .............................................................................................................9

New York Labor Law § 190 .......................................................................................................8, 9

**Other Authorities**

FRCP 12 (b)(1) ...............................................................................................................................4

FRCP 12(b)(6) ................................................................................................................................7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MADELEINE C. BALL,

                                                  Plaintiff,

                -against-                                17 Civ. 4828 (JMF)

NEW YORK CITY COUNCIL, MELISSA MARK-VIVERITO, in her capacity as Speaker of the New York City Council, RAMON MARTINEZ, in his capacity as Chief of Staff for Council Speaker Melissa Mark-Viverito, and WILLIAM ALATRISTE, in his capacity as Staff Photographer for the New York City Council Press Office,

                                                  Defendant.
------------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

       Plaintiff, a former photojournalism intern at the New York City Council ("City Council"), brings this action in which she alleges: (1) violation of the Fair Labor Standards Act ("FLSA"); (2) violation of New York contract law; and (3) violation of the New York Labor Law ("Labor Law").  Defendants now move to dismiss all claims pursuant to FRCP 12(b)(1) and (6) on the grounds that the Amended Complaint: (1) fails to establish Plaintiff's standing to bring her sole federal claim; and (2) fails to state a claim upon which relief may be granted.

       Plaintiff's first cause of action is premised on the allegation that she was an employee of the City Council, rather than an unpaid intern.  Therefore, Plaintiff argues, as an employee for the City Council, she was entitled to payment under the FLSA.  However, as the City Council is the legislative body of the City of New York, Plaintiff is not an employee as

1

defined by the FLSA and lacks standing to bring her FLSA claim.  As such, the Court lacks subject matter jurisdiction to hear Plaintiff's sole federal claim, and consequently, should decline to exercise supplemental jurisdiction over her remaining state law claims.

Plaintiff's second cause of action claims that William Alatriste ("Alatriste") violated New York contract law by allegedly promising that she would be paid for her internship. However, despite Plaintiff's contentions, she has not alleged the existence of a valid contract and any promissory estoppel claim is foreclosed by Defendants' status as a governmental agency and her acknowledgement at the outset that the internship was unpaid.

Plaintiff's third cause of action is premised on the City Council's alleged failure to pay her, and its failure to provide her with a written notice of pay schedule and pay statement in violation of the Labor Law.  However, the Labor Law specifically excludes public employers such as the City Council.

Therefore, for the reasons set forth in detail below, Defendants respectfully request that their motion to dismiss be granted in its entirety, and the Amended Complaint be dismissed.

## STATEMENT OF FACTS[1]

In March 2015, Plaintiff was apprised of an internship opportunity at the New York City Council ("City Council") by William Alatriste ("Alatriste"), who was employed by the City Council as a Staff Photographer, and was a guest speaker at Plaintiff's NYU photojournalism class.  See Amended Complaint ¶ 10.

---

[1] This statement of facts is derived from the allegations in, and exhibits to, the Amended Complaint and Plaintiff's factual allegations are assumed to be true for purposes of this motion to dismiss only.

Plaintiff began her internship "as a photojournalism intern" for the City Council on June 14, 2015. See Amended Complaint ¶ 5; Plaintiff's Hours, annexed to the Amended Complaint as Exhibit F.

On June 16, 2015, Plaintiff completed a "Council Application for Unpaid Positions" certifying that, among other things, she would be seeking educational credits for her internship with the City Council. See Council Application for Unpaid Positions, annexed to the Amended Complaint.

Additionally, on June 16, 2015, Plaintiff completed a form titled, "Orientation Receipt & Acknowledgement (Unpaid Positions)," which, among other things, certified that she "[r]eviewed the statement below explaining coverage of Workers' Compensation Insurance." See Orientation Receipt & Acknowledgement (Unpaid Positions), annexed to the Amended Complaint. That statement read, in part, "I understand that individuals who do not receive any compensation for their work at the Council are generally not covered by Workers' Compensation Insurance (WCI)." Id.

Plaintiff alleges that prior to and during her internship Alatriste told her that she would be paid for her internship, and in support of her allegation, Plaintiff attaches correspondence demonstrating, at most, that Alatriste communicated to her that he was asking the Council if Plaintiff could be compensated for her internship. See E-Mail dated 7/31/15, annexed to the Amended Complaint as Exhibit A1 ("I'm almost certain that I'll be able to pay your [sic] for the internship."); Undated text message, annexed to the Amended Complaint as Exhibit A2 ("I've been pushing for funds for you").

On August 29, 2015, Plaintiff completed her internship with the City Council. See Amended Complaint ¶ 5; Plaintiff's Hours, annexed to the Amended Complaint as Exhibit F.

On June 26, 2017, Plaintiff filed her Complaint against Alatriste, Melissa Mark-Viverito ("Speaker Mark-Viverito"), and Ramon Martinez ("Chief of Staff Martinez") in their official capacities, and the New York City Council (collectively, "Defendants"). See ECF Docket No. 2.

On October 24, 2017, Plaintiff filed her Amended Complaint against Defendants. See ECF Docket No. 6.

A day after Plaintiff filed her Amended Complaint, Defendants were served with a Summons and Plaintiff's initial Complaint.[2]

## ARGUMENT

### POINT I

**PLAINTIFF LACKS STANDING TO BRING HER FLSA CLAIM AND THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR PLAINTIFF'S SOLE FEDERAL CLAIM.**

Plaintiff's only federal claim must be dismissed for lack of subject matter jurisdiction. Under FRCP 12 (b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction…when the District Court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Manway Constr. Co., Inc. v. Hous. Auth. Of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983) (holding that "dismissal is

---

[2] Defendants move to dismiss Plaintiff's Amended Complaint in its entirety, despite the procedural impropriety occasioned by Plaintiff having served Defendants with a Summons and the initial Complaint after she had filed an Amended Complaint, which, though electronically filed before effecting service, was itself never served on Defendants.

mandatory" where a court lacks subject matter jurisdiction). Further, the party advocating for subject matter jurisdiction "must show by a preponderance of the evidence that subject matter jurisdiction exists." Lifrak v. New York City Council, 389 F.Supp. 2d 500, 502 (S.D.N.Y. 2005).

The FLSA "provides a private right of action to an employee to recover unpaid minimum wages and/or overtime compensation from an employer who violates the Act's provisions." See Summa v. Hofstra Univ., 715 F.Supp. 2d 378, 384 (E.D.N.Y. 2010); 29 U.S.C. § 216(b). "To be able to sue under section 216(b) of the FLSA, a plaintiff must be an 'employee' within the contemplation of that act." See Lifrak, 389 F.Supp. 2d at 504; N.Y. Metro Area Postal Union v. Potter, 2003 U.S. Dist. LEXIS 4904, at *6 (S.D.N.Y. Mar. 28, 2003) ("only eligible employees have a right of action under FMLA").

"The FLSA requires employers to pay all employees a specified minimum wage, and overtime of time and one-half for hours worked in excess of forty hours per week." Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 533 (2d Cir. 2015). However, "[t]he FLSA's definition of 'employee' provides that certain government workers are not within the ambit of the statute." Lifrak, 389 F.Supp. 2d at 504.

Pursuant to 29 U.S.C. § 203, which sets forth definitions that apply specifically to the act, the term "employee" does not include any individual:

> (i) who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and (ii) who --…(V) is an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.

29 U.S.C. § 203(e)(2)(C).

"[T]he New York City Council [is] the principal legislative body of the City of New York." Lifrak, 389 F.Supp. 2d at 504 (citing New York City Charter § 21 ("[t]here shall be a council which shall be the legislative body of the city")). As such, the New York City Council is covered by the "'legislative body' provision in section 203 (e)(2)(C)(ii)(V)." Lifrak, 389 F.Supp. 2d at 504; see 29 U.S.C. § 203(e)(2)(C)(ii)(V). Therefore, as the New York City Council is the legislative body of the City of New York, Plaintiff is not a covered "employee" under the FLSA.

Plaintiff's claims fail not only because she was an unpaid intern, and thus not an employee, but because as a matter of law, workers for the New York City Council are exempt from the FLSA under the "legislative body" provision. Therefore, even if Plaintiff were able to establish that she was an employee rather than an unpaid intern under Glatt's primary beneficiary test, as a worker of the legislative body of the City of New York, she is without statutory standing to bring a private right of action under the FLSA.[3]

Accordingly, the Court must dismiss Plaintiff's FLSA claim for lack of subject matter jurisdiction.[4] Further, as this constitutes Plaintiff's sole federal claim, and notwithstanding the further grounds for dismissal, the Court should decline to exercise supplemental jurisdiction over her remaining state law claims. See 28 U.S.C. § 1367(c)(3).

---

[3] As Plaintiff lacks statutory standing, due to the FLSA's "legislative body" provision, the so-called Glatt analysis, under the factors set forth therein, is not needed to resolve Plaintiff's claims. Indeed, given the lack of statutory standing, even if Plaintiff were to be deemed an employee rather than an unpaid intern, her FLSA claim remains futile as employees of the City Council are not considered "employees" under the FLSA. And even if, for the sake of argument, these patent hurdles could be surmounted, Plaintiff nevertheless does not state a claim under the FLSA upon consideration of the Glatt factors.

[4] It need only be mentioned that, even if Plaintiff were an employee of a covered entity (which she was not), a portion of her claim is time-barred pursuant to the two-year statute of limitations prescribed under the FLSA: Plaintiff began her internship on June 14, 2015 and filed her initial Complaint on June 26, 2017. See 29 U.S.C. 255(a).

## POINT II

## THE AMENDED COMPLAINT FAILS TO STATE A CLAIM.

### A. Applicable Pleading Standard

All of Plaintiff's claims are subject to dismissal pursuant to FRCP 12(b)(6) because the Complaint and its attachments fail to allege facts that state a plausible claim for relief. To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citation omitted). Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must, therefore, be dismissed. Id.; Twombly, 550 U.S. at 557, 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

### B. Defendants Melissa Mark-Viverito, Ramon Martinez, and William Alatriste Should Be Dismissed From This Matter.

Plaintiff has named the City Council as a defendant in this matter, and certain individuals in their official capacities. However, "the real party in interest in an official-capacity suit is the governmental entity and not the named official." Hafer v. Melo, 502 U.S. 21, 25, 112

S. Ct. 358, 116 L. Ed. 2d 301 (1991).  Additionally, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

As such, the individuals named in their official capacities should be dismissed from the action as their inclusion is duplicative of Plaintiff's claims against the City Council. See Yu v. New York City Hous. Dev. Corp., 2011 U.S. Dist. LEXIS 59702 at n1 (S.D.N.Y. June 3, 2011) ("Magistrate…properly concluded that the claims against Defendant…in his official capacity should be dismissed as duplicative of his claims against HDC." (citing Emmons v. City University of New York, 715 F.Supp. 2d 394, 410-11 (E.D.N.Y. 2010)); Candelaria v. Cunningham, 2000 U.S. Dist. LEXIS 8669 at *3 (S.D.N.Y. June 20, 2000)("[T]here is no need for official capacity litigation when an individual can sue a government entity directly.").

**C.     The New York City Council is Not an Employer Under New York Labor Law.**

Plaintiff also alleges violations of New York Labor Law ("Labor Law") Section 190.  However, the Labor Law specifically excludes public employers such as the City Council. Plaintiff's Labor Law claim must therefore be dismissed.

"Section 190 of the Labor Law sets forth definitions that apply specifically and exclusively to Article 6." Miteva v. Third Point Management Co., L.L.C., 323 F.Supp. 2d 573, 578 (S.D.N.Y. 2004); see also, Patrowich v. Chemical Bank, 63 N.Y.2d 541, 543 (1984). Section 190 defines the term "employer" to include "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service.  ***The term 'employer' shall not include a governmental agency***."  N.Y. Labor Law § 190 (3) (emphasis added).

Indeed, New York courts have consistently held that Article 6 of the New York State Labor Law, which includes Section 190, does not apply to governmental agencies such as the City Council. See Eng v. City of N.Y., 2017 U.S. Dist. LEXIS 49520, at *6 (S.D.N.Y. Mar. 29, 2017) ("this section does not apply to governmental agencies, including the City of New York."); Salling v. Koch, 115 Misc. 2d 514, 515 (Sup. Ct. N.Y. Cty. 1982) (the Labor Law specifically exempts governmental bodies from the requirements of Article 6); Phaneuf v. City of Plattsburgh, 84 Misc. 2d 70, 73 (Sup. Ct., Clinton Cty. 1974), aff'd 50 A.D.2d 614 (3d Dep't 1975) (Article 6 of the Labor Law does not apply to governmental agencies). As a legislative body, the City Council is an agent of the government and is thus a "governmental agency."[5]

Accordingly, it cannot be disputed that the City Council is a governmental agency under Article 6 of the New York Labor Law. Therefore, the City Council is not a covered employer under New York Labor Law § 190, and thus, Plaintiff's claim for relief under this statute must be dismissed.

**D.     Plaintiff Fails to State a New York State Contract Law Claim.**

To state a claim for breach of contract under New York law, a plaintiff must allege: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Eternity Global Master Fund Ltd. V. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004)(internal quotation omitted); Resetarits Const. Corp. v. Olmsted, 118 A.D.3d 1454, 1455 (N.Y. App. Div. 2014)("To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound.").

---

[5] Further, in addition to being carved out of the ambit of Section 190 of the Labor Law, Plaintiff's Labor Law Claim is also subject to dismissal because the City Council is not a "person, corporation, limited liability company, or association."

9

Plaintiff has not alleged the existence of a valid contract, but rather is seemingly proceeding on a contract by promissory estoppel theory. See generally Amended Complaint. However, "[a]bsent an unusual factual situation, estoppel is not available against a governmental agency engaging in the exercise of its governmental functions." Advanced Refractory Techs., Inc. v. Power Auth., 82 N.Y.2d 670, 677 (N.Y. 1993) (internal quotations omitted). "Moreover, erroneous advice by a government employee does not constitute the type of unusual circumstance[s] contemplated by the exception to this general rule." Matter of Amsterdam Nursing Home Corp. v. Daines, 68 A.D.3d 1591, 1592 (3rd Dept. 2009) (internal quotations and citation omitted).

That said, the allegations and exhibits Plaintiff advances in her own pleading flatly foreclose the merits of any such promissory estoppel claim. On June 16, 2015, upon beginning her internship with the City Council, Plaintiff signed two forms acknowledging that she was accepting an unpaid internship with the City Council. Both forms clearly set forth that Plaintiff was engaging in an unpaid internship. The first form was labeled, "Council Application for Unpaid Positions," and the second form was labeled, "Orientation Receipt & Acknowledgement (Unpaid Positions)." Moreover, Plaintiff acknowledges in her Complaint, as well as on her application form, that she was seeking educational credits for the internship. See Council Application for Unpaid Positions, annexed to the Amended Complaint; Amended Complaint ¶ 28. The e-mail exchanges, and undated alleged text message conversations, between Plaintiff and Alatriste, at most, demonstrate Alatriste communicating to Plaintiff that he was asking the Council/recommending that Plaintiff's internship be changed to a paid internship, but in no way, whatsoever, depict that payment was certain for the term of Plaintiff's summer internship. Such documents do not, it is abundantly clear, constitute any sort of unequivocal

10

promise upon which Plaintiff could reasonably rely.  See E-mail dated 7/31/15, annexed to the Amended Complaint as Exhibit A1 ("I'm almost certain that I'll be able to pay your [sic] for the internship."); Undated text message, annexed to the Amended Complaint as Exhibit A2 ("I've been pushing for funds for you").  If anything, the documented exchanges support the fact that the prospect of payment for the internship was wholly uncertain, and evoke only that Alatriste would see what inroads might be possible.  Furthermore, Plaintiff fails to allege facts demonstrating the dubious proposition that Alatriste, as a Staff Photographer for the City Council, had any power to alter the clear terms of Plaintiff's relationship with the City Council, or promise her payment for her internship, especially in light of the forms she had signed, at the outset, acknowledging that her internship was unpaid.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint in its entirety with prejudice and deny the relief requested therein, together with such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
          November 22, 2017

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-109C
New York, New York 10007
(212) 356-2470

By:         /s/
    Tomasz Pacholec
    Assistant Corporation Counsel