17 Civ. 4828 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADELEINE C. BALL,

Plaintiff,

-against-

NEW YORK CITY COUNCIL, RAMON MARTINEZ, in his individual capacity and in his official capacity as Chief of Staff for Council Speaker Melissa Mark-Viverito, and WILLIAM ALATRISTE, in his individual capacity and in his official capacity as Staff Photographer for the New York City Council Press Office,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF SERVED DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Served Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Tomasz Pacholec*
*Tel:  (212) 356-2470*
*Matter No. 2017-038816*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 3

ARGUMENT ......................................................................................................................... 6

    I.  WILLIAM ALATRISTE AND RAMON MARTINEZ ARE NOT PROPER PARTIES TO THIS ACTION IN THEIR INDIVIDUAL CAPACITIES ................................................ 6

    II.  PLAINTIFF LACKS STANDING TO BRING HER FLSA CLAIM AND THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR PLAINTIFF'S SOLE FEDERAL CLAIM ................................................................................................ 7

    III.  THE AMENDED COMPLAINT FAILS TO STATE A CLAIM .................................. 9

        A.    Applicable Pleading Standard .................................................................. 9

        B.    Defendants Ramon Martinez and William Alatriste Should Be Dismissed from This Matter ........................................................................ 10

        C.    The New York City Council is Not an Employer Under Article 6 of New York Labor Law ......................................................................................... 11

        D.    Plaintiff Fails to State a New York State Contract Law Claim ............... 12

CONCLUSION ....................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Advanced Refractory Techs., Inc. v. Power Auth.</u>,
   82 N.Y.2d 670 (N.Y. 1993) ................................................................16

<u>Matter of Amsterdam Nursing Home Corp. v. Daines</u>,
   68 A.D.3d 1591 (3rd Dept. 2009) .......................................................16

<u>In the Matter of the Arbitration Between Herlofson Management A/S and
   Ministry of Suply. Kingdom of Jordan</u>,
   765 F. Supp. 78 (S.D.N.Y. 1991) .......................................................14

<u>Ashcroft v. Iqbal</u>,
   556 U.S. 662 (2009) ............................................................................10

<u>Bell Atl. Corp v. Twombly</u>,
   550 U.S. 544 (2007) ............................................................................10

<u>Buckman v. Calyon Sec.</u>,
   817 F. Supp. 2d 322 (S.D.N.Y. 2011) ................................................17

<u>Candelaria v. Cunningham</u>,
   2000 U.S. Dist. LEXIS 8669 (S.D.N.Y. June 20, 2000) .....................11

<u>Eng v. City of N.Y.</u>,
   2017 U.S. Dist. LEXIS 49520 (S.D.N.Y. Mar. 29, 2017) ..................11

<u>Eternity Global Master Fund Ltd. V. Morgan Guar. Trust Co. of N.Y.</u>,
   375 F.3d 168 (2d Cir. 2004) ...............................................................12

<u>Falu v. State Univ. of N.Y.</u>,
   Nos. CV-83-3744, CV-84-2640, 1991 U.S. Dist. LEXIS 15482 (E.D.N.Y.
   Sep. 13, 1991) ......................................................................................7

<u>Glatt v. Fox Searchlight Pictures, Inc.</u>,
   811 F.3d 528 (2d Cir. 2015) .............................................................8, 9

<u>Hafer v. Melo</u>,
   502 U.S. 21 .....................................................................................6, 10

<u>Highland Capital Mgmt. LP v. Schneider</u>,
   607 F.3d 322 (2d Cir. 2010) ...............................................................14

<u>Hovey v. Vermont</u>,
   No. 5:16-CV-266, 2017 U.S. Dist. LEXIS 74279 (D. Vt. May 16, 2017) ................................6

iii

Jackson v. Hayakawa,
    682 F.2d 1344 (9th Cir. 1982) ................................................................6

KM Enters. v. McDonald,
    518 F. App'x 12 (2d Cir. 2013) ............................................................6

Lifrak v. New York City Council,
    389 F.Supp. 2d 500 (S.D.N.Y. 2005)..................................................7, 8

Makarova v. United States,
    201 F.3d 110 (2d Cir. 2000)..................................................................7

Manway Constr. Co., Inc. v. Hous. Auth. Of City of Hartford,
    711 F.2d 501 (2d Cir. 1983)..................................................................7

Miteva v. Third Point Management Co., L.L.C.,
    323 F.Supp. 2d 573 (S.D.N.Y. 2004)..................................................11

N.Y. Metro Area Postal Union v. Potter,
    2003 U.S. Dist. LEXIS 4904 (S.D.N.Y. Mar. 28, 2003) .........................8

Naccarato v. Comercial Capital Corp.,
    2008 NY Slip Op 50613(U), 19 Misc. 3d 1109(A), 859 N.Y.S.2d 904 (Sup.
    Ct.) .....................................................................................................17

Patrowich v. Chemical Bank,
    63 N.Y.2d 541 (1984) ........................................................................11

Phaneuf v. City of Plattsburgh,
    84 Misc. 2d 70 (Sup. Ct., Clinton Cty. 1974), aff'd 50 A.D.2d 614 (3d Dep't
    1975) ..................................................................................................12

PMC, Inc. v. Atomergic Chemetals Corp.,
    844 F. Supp. 177 (S.D.N.Y. 1994) ......................................................14

Property Advisory Group, Inc. v. Bevona,
    718 F. Supp. 209 (S.D.N.Y. 1989) ......................................................14

Resetarits Const. Corp. v. Olmsted,
    118 A.D.3d 1454 (N.Y. App. Div. 2014) ........................................12, 13

Salling v. Koch,
    115 Misc. 2d 514 (Sup. Ct. N.Y. Cty. 1982) ........................................11

Summa v. Hofstra Univ.,
    715 F.Supp. 2d 378 (E.D.N.Y. 2010) ....................................................7

Village of Pelham v. City of Mount Vernon Industr. Dev. Corp.,
    302 A.D.2d 399 (2d Dep't 2003) ...........................................................11

Yu v. New York City Hous. Dev. Corp.,
    2011 U.S. Dist. LEXIS 59702 (S.D.N.Y. June 3, 2011).........................10

**Statutes**

28 U.S.C. § 1367(c)(3) ........................................................................9

29 U.S.C. 255(a) ...............................................................................9

29 U.S.C. § 203 .................................................................................8

29 U.S.C. § 203(e)(2)(C) .....................................................................8

29 U.S.C. § 203(e)(2)(C)(ii)(V) ...........................................................8

29 U.S.C. § 216(b) .........................................................................7, 8

Labor Law Article 6 ......................................................................11, 12

Labor Law Section 190 ...................................................................11, 12

N.Y. Labor Law § 190 (3) .................................................................11

New York Labor Law Article 6, Section 190 .........................................11

**Other Authorities**

Federal Rule of Civil Procedure 4 .......................................................6

Federal Rule of Civil Procedure 12 (b)(1) ............................................7

Federal Rule of Civil Procedure 12(b)(1) and (6).................................1

Federal Rule of Civil Procedure 12(b)(6) .............................................9

Federal Rule of Civil Procedure 4(d) ...................................................7

Federal Rule of Civil Procedure 5 .......................................................6

Federal Rule of Civil Procedure 5(b)....................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MADELEINE C. BALL,

                                        Plaintiff,

        -against-                                17 Civ. 4828 (JMF)

NEW YORK CITY COUNCIL, RAMON MARTINEZ, in
his individual capacity and in his official capacity as Chief
of Staff for Council Speaker Melissa Mark-Viverito, and
WILLIAM ALATRISTE, in his individual capacity and in
his official capacity as Staff Photographer for the New
York City Council Press Office,

                                        Defendant.
-------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF SERVED DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

        Plaintiff, a former photojournalism intern at the New York City Council ("City Council"), brings this action in which she alleges: (1) violation of the Fair Labor Standards Act ("FLSA"); (2) violation of New York contract law; and (3) violation of the New York Labor Law ("Labor Law").  Served Defendants now move to dismiss all claims pursuant to FRCP 12(b)(1) and (6) on the grounds that the Second Amended Complaint: (1) fails to establish Plaintiff's standing to bring her sole federal claim; and (2) fails to state a claim upon which relief may be granted.

        Plaintiff's first cause of action is premised on the allegation that she was an employee of the City Council, rather than an unpaid intern.  Therefore, Plaintiff argues, as an employee for the City Council, she was entitled to payment under the FLSA.  However, as the

City Council is the legislative body of the City of New York, Plaintiff is not an employee as defined by the FLSA and lacks standing to bring her FLSA claim.  As such, the Court lacks subject matter jurisdiction to hear Plaintiff's sole federal claim, and consequently, should decline to exercise supplemental jurisdiction over her remaining state law claims.

Plaintiff's second cause of action claims that William Alatriste ("Alatriste") violated New York contract law by allegedly promising that she would be paid for her internship. However, despite Plaintiff's contentions, the only valid contract set forth in her Second Amended Complaint is that which defined her internship as unpaid, and any promissory estoppel claim is foreclosed by Served Defendants' status as a governmental agency and her acknowledgment at the outset that the internship was unpaid.

Plaintiff's third cause of action is premised on the City Council's alleged failure to pay her, and its failure to provide her with a written notice of pay schedule and pay statement in violation of the Labor Law.  However, the pertinent provisions of the Labor Law specifically exclude public employers, such as the City Council.

Therefore, for the reasons set forth in detail below, Served Defendants respectfully request that their motion to dismiss be granted in its entirety, and the Second Amended Complaint be dismissed.

## STATEMENT OF FACTS[1]

In March 2015, Plaintiff was apprised of an internship opportunity at the New York City Council ("City Council") by William Alatriste ("Alatriste"), who was employed by the City Council as a Staff Photographer, and was a guest speaker at plaintiff's NYU photojournalism class.  See Second Amended Complaint ¶ 10.

Plaintiff began her internship "as a photojournalism intern" for the City Council on Sunday, June 14, 2015.  See Second Amended Complaint ¶ 5; Plaintiff's Hours, annexed to the Second Amended Complaint as Exhibit F.

On June 16, 2015, Plaintiff completed a "Council Application for Unpaid Positions" certifying that, among other things, she would be seeking educational credits for her internship with the City Council.  See Council Application for Unpaid Positions, annexed to the Amended Complaint. [2]

Additionally, on June 16, 2015, Plaintiff completed a form titled, "Orientation Receipt & Acknowledgement (Unpaid Positions)," which, among other things, certified that she "[r]eviewed the statement below explaining coverage of Workers' Compensation Insurance." See Orientation Receipt & Acknowledgement (Unpaid Positions), annexed to the Amended Complaint. [3]  That statement read, in part, "I understand that **individuals who do not receive**

---

[1] This statement of facts is derived from the allegations in, and exhibits to, the Second Amended Complaint, and Plaintiff's factual allegations are assumed to be true for purposes of this motion to dismiss only.

[2] Plaintiff refers to her "Council Application for Unpaid Positions" in ¶ 42 of the Second Amended Complaint and as Exhibit I, "Insert 'application' here". However, she fails to attach same.  The "Council Application for Unpaid Positions" is available on ECF Docket No. 6, pages 22-23 of 24.

[3] Plaintiff refers to her "Orientation Receipt and Acknowledgement (Unpaid Positions)" in ¶ 42 of the Second Amended Complaint and as Exhibit J, "Insert 'acknowledgment'".  However, she

**any compensation for their work at the Council** are generally not covered by Workers'

Compensation Insurance (WCI)." <u>Id</u>. (emphasis added).

Plaintiff alleges that prior to and during her internship Alatriste told her that she

would be paid for her internship, and in support of her allegation, Plaintiff attaches

correspondence demonstrating, at most, that Alatriste communicated to her that he was

recommending that her internship be modified from unpaid to paid.  <u>See</u> E-Mail dated 7/31/15,

annexed to the Second Amended Complaint as Exhibit A1 ("I'm almost certain that I'll be able

to pay your [sic] for the internship."); Undated text message, annexed to the Amended Complaint

as Exhibit A2 ("I've been pushing for funds for you").

On August 29, 2015, Plaintiff completed her internship with the City Council.

<u>See</u> Second Amended Complaint ¶ 5; Plaintiff's Hours, annexed to the Second Amended

Complaint as Exhibit F.

Over a month after her internship ended, in or around October 2015, Plaintiff

references that Alatriste gave "her the title of 'Assistant,' in order to ensure that she was paid."

<u>See</u> Second Amended Complaint ¶32; Exhibit A3.

On June 26, 2017, Plaintiff filed her Complaint against Alatriste, Melissa Mark-

Viverito ("Speaker Mark-Viverito"), and Ramon Martinez ("Chief of Staff Martinez") in their

official capacity, and the New York City Council ("Served Defendants").  <u>See</u> ECF Docket No.

2.

On October 24, 2017, Plaintiff filed her Amended Complaint against Served

Defendants.  <u>See</u> ECF Docket No. 6.

---

fails to attach same.  The "Orientation Receipt and Acknowledgement (Unpaid Positions)" is
available on ECF Docket No. 6, page 24 of 24.

A day after Plaintiff filed her Amended Complaint, Served Defendants were served with a Summons and Plaintiff's initial Complaint.

On November 22, 2017, Served Defendants filed a motion to dismiss Plaintiff's Amended Complaint in its entirety.  See ECF Docket No. 14-15.

On December 22, 2017, Plaintiff filed a Second Amended Complaint with the Court.  Same was entered on December 26, 2017.  See ECF Docket No. 18.[4]

Neither of the individually named defendants have yet been served.

---

[4] In Plaintiff's Second Amended Complaint, Plaintiff converts the defendants William Alatriste and Ramon Martinez from suit solely in their official capacities to further name them in their individual capacities.  At the time of service of the original summons and complaint, all individually-named defendants were named solely in their official capacities.  See ECF Docket Nos. 2 and 6.  Additionally, the Second Amended Complaint removed former Speaker of the New York City Council Melissa Mark-Viverito from the caption entirely.  See ECF Docket No. 18.

## ARGUMENT

### POINT I

### WILLIAM ALATRISTE AND RAMON MARTINEZ ARE NOT PROPER PARTIES TO THIS ACTION IN THEIR INDIVIDUAL CAPACITIES.

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. Suits against state officials in their official capacity therefore should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (internal citations and quotations omitted); KM Enters. v. McDonald, 518 F. App'x 12, 13 (2d Cir. 2013)(defendant sued in her official capacity "effectively rendering [the] [] suit against the State…"). "[W]hen officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation." Hafer v. Melo, 502 U.S. at 25. "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer...". Id.

"Added claims against a party in his or her individual capacity when she is already named in her official capacity is equivalent to adding an entirely new party – the defendant must therefore be served in accordance with Federal Rule of Civil Procedure 4, rather than by merely serving papers to the attorney of a party who has already made an appearance, as specified in Rule 5." Hovey v. Vermont, No. 5:16-CV-266, 2017 U.S. Dist. LEXIS 74279, at *13 (D. Vt. May 16, 2017). New service is required where an amended complaint includes "a change in the status of defendants" to include claims against them in their personal capacities. See Jackson v. Hayakawa, 682 F.2d 1344, 1348-49 (9th Cir. 1982). "[T]he fact that defendants were represented in their official capacities does not permit invocation of Rule 5(b) to excuse

service under Rule 4(d)." <u>Falu v. State Univ. of N.Y.</u>, Nos. CV-83-3744, CV-84-2640, 1991 U.S. Dist. LEXIS 15482, at *60 (E.D.N.Y. Sep. 13, 1991).

Ramon Martinez and William Alatriste have not been served with the Second Amended Complaint newly naming them in their individual capacities. As such, they are not proper parties to this action. [5]

## POINT II

### PLAINTIFF LACKS STANDING TO BRING HER FLSA CLAIM AND THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR PLAINTIFF'S SOLE FEDERAL CLAIM.

Plaintiff's only federal claim must be dismissed for lack of subject matter jurisdiction.  Under FRCP 12 (b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction…when the District Court lacks the statutory or constitutional power to adjudicate it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000); <u>see also</u> <u>Manway Constr. Co., Inc. v. Hous. Auth. Of City of Hartford</u>, 711 F.2d 501, 503 (2d Cir. 1983) (holding that "dismissal is mandatory" where a court lacks subject matter jurisdiction).  Further, the party advocating for subject matter jurisdiction "must show by a preponderance of the evidence that subject matter jurisdiction exists." <u>Lifrak v. New York City Council</u>, 389 F.Supp. 2d 500, 502 (S.D.N.Y. 2005).

The FLSA "provides a private right of action to an employee to recover unpaid minimum wages and/or overtime compensation from an employer who violates the Act's provisions." <u>See</u> <u>Summa v. Hofstra Univ.</u>, 715 F.Supp. 2d 378, 384 (E.D.N.Y. 2010); 29 U.S.C.

---

[5] Additionally, it appears that Plaintiff's Second Amended Complaint has removed former Speaker of the New York City Council Melissa Mark-Viverito from the caption entirely, and all claims against her should be dismissed.

§ 216(b).  "To be able to sue under section 216(b) of the FLSA, a plaintiff must be an 'employee' within the contemplation of that act.  <u>See</u> <u>Lifrak</u>, 389 F.Supp. 2d at 504; <u>N.Y. Metro Area Postal Union v. Potter</u>, 2003 U.S. Dist. LEXIS 4904, at *6 (S.D.N.Y. Mar. 28, 2003) ("only eligible employees have a right of action under FMLA").

"The FLSA requires employers to pay all employees a specified minimum wage, and overtime of time and one-half for hours worked in excess of forty hours per week." <u>Glatt v. Fox Searchlight Pictures, Inc.</u>, 811 F.3d 528, 533 (2d Cir. 2015).  However, "[t]he FLSA's definition of 'employee' provides that certain government workers are not within the ambit of the statute." <u>Lifrak</u>, 389 F.Supp. 2d at 504.

Pursuant to 29 U.S.C. § 203, which sets forth definitions that apply specifically to the Act, the term "employee" does not include any individual:

> (i) who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and (ii) who --…(V) is an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.

29 U.S.C. § 203(e)(2)(C).

"[T]he New York City Council [is] the principal legislative body of the City of New York." <u>Lifrak</u>, 389 F.Supp. 2d at 504 (citing New York City Charter § 21 ("[t]here shall be a council which shall be the legislative body of the city")).  As such, the New York City Council is covered by the "'legislative body' provision in section 203 (e)(2)(C)(ii)(V)." <u>Lifrak</u>, 389 F.Supp. 2d at 504; <u>see</u> 29 U.S.C. § 203(e)(2)(C)(ii)(V).  Therefore, as the New York City Council is the legislative body of the City of New York, Plaintiff is not a covered "employee" under the FLSA.

Plaintiff's claims fail not only because she was an unpaid intern, and thus not an employee, but because as a matter of law, workers for the New York City Council are exempt from the FLSA under the "legislative body" provision.  Therefore, even if Plaintiff were able to establish that she was an employee rather than an unpaid intern under Glatt's primary beneficiary test, as a worker of the legislative body of the City of New York, she is without statutory standing to bring a private right of action under the FLSA.[6]

Accordingly, the Court must dismiss Plaintiff's FLSA claim for lack of subject matter jurisdiction.[7]    Further, as this constitutes Plaintiff's sole federal claim, and notwithstanding the further grounds for dismissal, the Court should decline to exercise supplemental jurisdiction over her remaining state law claims.  See 28 U.S.C. § 1367(c)(3).

## POINT III

### THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM.

**A.      Applicable Pleading Standard**

All of Plaintiff's claims are subject to dismissal pursuant to FRCP 12(b)(6) because the Second Amended Complaint and its attachments fail to allege facts that state a plausible claim for relief.  To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must

---

[6] As Plaintiff lacks statutory standing, due to the FLSA's "legislative body" provision, the so-called Glatt analysis, under the factors set forth therein, is not needed to resolve Plaintiff's claims. Indeed, given the lack of statutory standing, even if Plaintiff were to be deemed an employee rather than an unpaid intern, her FLSA claim remains futile as employees of the City Council are not considered "employees" under the FLSA.  And even if, for the sake of argument, these patent hurdles could be surmounted, Plaintiff nevertheless does not state a claim under the FLSA upon consideration of the Glatt factors.

[7] It need only be mentioned that, were the Court to determine that the "legislative body" provision did not apply, and that Plaintiff was not an unpaid intern, given the two-year statute of limitations prescribed under the FLSA, a portion of Plaintiff's claim is time-barred as she began her internship on June 14, 2015, and filed her initial Complaint on June 26, 2017.  See 29 U.S.C. 255(a).

plead sufficient facts "to state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 678 (citation omitted).  Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citation omitted).  Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must, therefore, be dismissed. <u>Id.</u>; <u>Twombly</u>, 550 U.S. at 557, 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

**B.    Defendants Ramon Martinez and William Alatriste Should Be Dismissed From This Matter.**

Plaintiff has named the City Council as a defendant in this matter, and certain individuals in their official capacities.  However, "the real party in interest in an official-capacity suit is the governmental entity and not the named official." <u>Hafer v. Melo</u>, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).  Additionally, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Hafer v. Melo</u>, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

As such, the individuals named in their official capacities should be dismissed from the action as their inclusion is duplicative of Plaintiff's claims against the City Council. <u>See</u> <u>Yu v. New York City Hous. Dev. Corp.</u>, 2011 U.S. Dist. LEXIS 59702 at n1 (S.D.N.Y. June 3, 2011) ("Magistrate…properly concluded that the claims against Defendant…in his official

capacity should be dismissed as duplicative of his claims against HDC." (citing Emmons v. City University of New York, 715 F.Supp. 2d 394, 410-11 (E.D.N.Y. 2010)); Candelaria v. Cunningham, 2000 U.S. Dist. LEXIS 8669 at *3 (S.D.N.Y. June 20, 2000)("[T]here is no need for official capacity litigation when an individual can sue a government entity directly.").

### C.     The New York City Council is Not an Employer Under Article 6 of New York Labor Law.

Plaintiff also alleges violations of New York Labor Law ("Labor Law") Article 6. However, Article 6, Section 190 of the Labor Law specifically excludes public employers such as the City Council.  Plaintiff's Labor Law claim must therefore be dismissed.

"Section 190 of the Labor Law sets forth definitions that apply specifically and exclusively to Article 6."  Miteva v. Third Point Management Co., L.L.C., 323 F.Supp. 2d 573, 578 (S.D.N.Y. 2004); see also, Patrowich v. Chemical Bank, 63 N.Y.2d 541, 543 (1984). Section 190 defines the term "employer" to include "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service. *The term 'employer' shall not include a governmental agency*."  N.Y. Labor Law § 190 (3) (emphasis added).

Indeed, New York courts have consistently held that Article 6 of the New York State Labor Law, which includes Section 190, does not apply to governmental agencies such as the City Council.  See Eng v. City of N.Y., 2017 U.S. Dist. LEXIS 49520, at *6 (S.D.N.Y. Mar. 29, 2017) ("this section does not apply to governmental agencies, including the City of New York."); Village of Pelham v. City of Mount Vernon Industr. Dev. Corp., 302 A.D.2d 399, 401 (2d Dep't 2003) ("the City Council of the City of Mount Vernon, as an involved agency, conducted an adequate and appropriate coordinated environmental review"); Salling v. Koch, 115 Misc. 2d 514, 515 (Sup. Ct. N.Y. Cty. 1982) (the Labor Law specifically exempts

governmental bodies from the requirements of Article 6); <u>Phaneuf v. City of Plattsburgh</u>, 84 Misc. 2d 70, 73 (Sup. Ct., Clinton Cty. 1974), <u>aff'd</u> 50 A.D.2d 614 (3d Dep't 1975) (Article 6 of the Labor Law does not apply to governmental agencies).   As a legislative body, the City Council is an agent of the government and is thus a "governmental agency" under Article 6 of the Labor Law.[8]

Accordingly, it cannot be disputed that the City Council is a governmental agency under Article 6 of the New York Labor Law.   Therefore, the City Council is not a covered employer under New York Labor Law § 190, and thus, Plaintiff's claim for relief under this statute must be dismissed.

**D.      Plaintiff Fails to State a New York State Contract Law Claim.**

To state a claim for breach of contract under New York law, a plaintiff must allege: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."   <u>Eternity Global Master Fund Ltd. V. Morgan Guar. Trust Co. of N.Y.</u>, 375 F.3d 168, 177 (2d Cir. 2004)(internal quotation omitted); <u>Resetarits Const. Corp. v. Olmsted</u>, 118 A.D.3d 1454, 1455 (N.Y. App. Div. 2014)("To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound.").

The only contract pleaded by Plaintiff within her Second Amended Complaint is her agreement to engage in an unpaid internship with the City Council.   At the inception of her internship, on June 16, 2015, Plaintiff completed an application for an unpaid position.   <u>See</u>

---

[8] Further, even if the City Council could be deemed not to be a "governmental agency," though it plainly is, Plaintiff's Labor Law Claim must still be dismissed because the City Council is not a "person, corporation, limited liability company, or association."

"Council Application for Unpaid Positions," annexed to the Second Am. Compl. as Exhibit I.[9] On that application, Plaintiff certified that she would be seeking educational credits for her internship, and that she would be available from June 16, 2015 to September 30, 2015.  Id.  At no time does Plaintiff reference any application for a paid position with the City Council.  See generally Second Amended Complaint.  In addition to her application for an unpaid position, Plaintiff signed and certified an acknowledgement for unpaid positions regarding receipt of the orientation materials for unpaid positions.  See Orientation Receipt & Acknowledgement (Unpaid Positions), annexed to the Second Am. Compl. as Exhibit J.[10]   Within that acknowledgment, Plaintiff certified that she had received various materials and that she reviewed the statement explaining coverage of Workers' Compensation Insurance.  Id.  That statement provided, "I understand that **individuals who do not receive any compensation for their work at the City Council** are generally not covered by Workers' Compensation Insurance (WCI)."  Id. (emphasis added).   At no point does Plaintiff reference any orientation receipt & acknowledgment for paid positions with the New York City Council.  See generally Second Amended Complaint.

Despite Plaintiff's current contentions that she had an expectation to be paid, Plaintiff clearly applied for, and received approval for, an unpaid internship with the City Council and received orientation materials related to same.  The agreement between Plaintiff and

---

[9] Plaintiff refers to her "Council Application for Unpaid Positions" in ¶ 42 of the Second Amended Complaint and as Exhibit I, "Insert 'application' here".  However, she fails to attach same.  The "Council Application for Unpaid Positions" is available on ECF Docket No. 6, pages 22-23 of 24.

[10] Plaintiff refers to her "Orientation Receipt and Acknowledgement (Unpaid Positions)" in ¶ 42 of the Second Amended Complaint and as Exhibit J, "Insert 'acknowledgment'".  However, she fails to attach same.  The "Orientation Receipt and Acknowledgement (Unpaid Positions)" is available on ECF Docket No. 6, page 24 of 24.

the City Council demonstrates that the only agreed upon arrangement between her and the City Council was for an unpaid internship.

Even assuming *arguendo* that the interactions Plaintiff had with Alatriste could be construed as Plaintiff having been "offered" a paid internship position, no such "offer" would have been valid or binding on the City Council.  The New York City Council has policies and procedures for their hiring of unpaid positions, as clearly depicted by the distinct application and orientation acknowledgments.  To the extent it is argued that some words or action by Alatriste could have constituted some sort of "offer" on behalf of the City Council of a paid position, those words or actions would have been performed without actual authority and, thus, would be void.

"In order to bind a principal to a contract, an agent must have real or apparent authority to do so."  PMC, Inc. v. Atomergic Chemetals Corp., 844 F. Supp. 177, 182 (S.D.N.Y. 1994).  "Under New York law, an agent has actual authority if the principal has granted the agent the power to enter into contracts on the principal's behalf, subject to whatever limitations the principal places on this power, either explicitly or implicitly."  Highland Capital Mgmt. LP v. Schneider, 607 F.3d 322, 327 (2d Cir. 2010).  Apparent authority may be created where "words or conduct of the principal are communicated to a third party and these words or conduct give rise to the reasonable belief that the agent possesses authority to enter into a transaction." Property Advisory Group, Inc. v. Bevona, 718 F. Supp. 209, 211 (S.D.N.Y. 1989).  However, "[t]he existence of the apparent authority must be 'traceable' to the principal, and cannot be established by the unauthorized acts, representations, or conduct of the agent."  In the Matter of the Arbitration Between Herlofson Management A/S and Ministry of Suply. Kingdom of Jordan, 765 F. Supp. 78, 88 (S.D.N.Y. 1991).  Even if Alatriste were to have stated that the internship

was to be paid, despite no reference to any payment amount until around July 2015, well after the beginning of Plaintiff's unpaid internship, he (without more) would have no authority to make that offer given the customary process established by the City Council for filling that type of position.  See Second Amended Complaint ¶ 21.  As a Staff Photographer at the New York City Council Press Office, Alatriste had no actual or apparent authority to modify Plaintiff's unpaid internship.

In fact, the exchanges between Plaintiff and Alatriste demonstrate his lack of authority to unilaterally modify Plaintiff's unpaid position.  On July 31, 2015, over a month after the start of Plaintiff's unpaid internship, Alatriste allegedly wrote, "[a]fter a month of pushing and pulling, I think I've finally managed to get through to the powers that control flow of funds. I'm almost certain that I'll be able to pay your [sic] for the internship."  E-mail exchange annexed to the Second Amended Complaint as Exhibit A1.  Plaintiff replied on August 1, 2015, stating "[t]hank you so much for working on this.  I can't tell you how helpful that will be."  Id. Further, an undated text message allegedly between Plaintiff and Alatriste states that Alatriste was "pushing for funds for [Plaintiff]."  Undated Text Exchange annexed to the Second Amended Complaint as Exhibit A2.  Moreover, Plaintiff's reference that Alatriste gave "her the title of 'Assistant,' in order to ensure that she was paid," occurred in October 2015, nearly a month and a half after the conclusion of her photojournalism internship with the City Council. See Second Amended Complaint ¶ 32; Exhibit A3.  These alleged exchanges demonstrate that Alatriste had no power on his own to approve a paid employment arrangement between Plaintiff and the City Council, and that Plaintiff had knowledge of same.

As such, Plaintiff has not alleged the existence of a valid contract beyond the one defining her internship as unpaid.  Furthermore, if Plaintiff were to attempt to proceed on a

contract by promissory estoppel theory, "[a]bsent an unusual factual situation, estoppel is not available against a governmental agency engaging in the exercise of its governmental functions." Advanced Refractory Techs., Inc. v. Power Auth., 82 N.Y.2d 670, 677 (N.Y. 1993) (internal quotations omitted).   "Moreover, erroneous advice by a government employee does not constitute the type of unusual circumstance[s] contemplated by the exception to this general rule."  Matter of Amsterdam Nursing Home Corp. v. Daines, 68 A.D.3d 1591, 1592 (3rd Dept. 2009) (internal quotations and citation omitted).

       With that said, the allegations and exhibits Plaintiff advances in her own pleading flatly foreclose the merits of any such claims.  The e-mail exchanges, and undated alleged text message conversations, between Plaintiff and Alatriste, at most, demonstrate Alatriste's communication to Plaintiff that he was recommending that Plaintiff's internship be modified to a paid internship, but in no way, whatsoever, depicts that payment was certain for the term of Plaintiff's summer internship.  Such documents do not, it is abundantly clear, constitute any sort of unequivocal promise upon which Plaintiff could reasonably rely.  See E-mail exchange, annexed to the Second Amended Complaint as Exhibit A1 ("I'm almost certain that I'll be able to pay your [sic] for the internship."); Undated text message exchange, annexed to the Second Amended Complaint as Exhibit A2 ("I've been pushing for funds for you").  If anything, the documented exchanges support the fact that the prospect of payment for the internship was wholly uncertain, and evoke only that Alatriste would see what inroads might be possible. Again, as a Staff Photographer for the New York City Council, Alatriste had no power to alter the clear terms of Plaintiff's relationship with the City Council, or promise her payment for her internship, especially in light of the forms she had signed, at the outset, acknowledging the terms of her position.

As to any allegation of fraudulent inducement, "where a party asserts fraudulent inducement to an employment agreement, he must show: (1) that the alleged inducing misrepresentation was collateral to the agreement; and (2) was not inconsistent with the agreement."  Buckman v. Calyon Sec., 817 F. Supp. 2d 322, 334 (S.D.N.Y. 2011) (citing Rehman v. State Univ. of N.Y. at Stony Brook, 596 F. Supp. 2d 643, 659 [E.D.N.Y. 2009]). Here, "[P]laintiff entered into a contract containing provisions that materially differed from the [alleged] representations previously or contemporaneously made to her.  This alone invalidates her claim of reasonable reliance on the misrepresentations."  See Naccarato v. Comercial Capital Corp., 2008 NY Slip Op 50613(U), ¶ 6, 19 Misc. 3d 1109(A), 1109A, 859 N.Y.S.2d 904, 904 (Sup. Ct.). Plaintiff's signed agreement for an "unpaid" position is plainly inconsistent with the alleged alternative agreement for a paid position, a fanciful allegation that is unsupported by the factual allegations in the Second Amended Complaint.

## <u>CONCLUSION</u>

For the reasons set forth above, Served Defendants respectfully request that the Court grant their motion to dismiss the Second Amended Complaint in its entirety with prejudice and deny the relief requested therein, together with such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
             February 13, 2018

                             ZACHARY W. CARTER
                             Corporation Counsel of the
                               City of New York
                             Attorney for Served Defendants
                             100 Church Street, Room 2-109C
                             New York, New York 10007
                             (212) 356-2470

                          By:          /s/
                               Tomasz Pacholec
                               Assistant Corporation Counsel