

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

TOMASZ PACHOLEC
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-2470

March 16, 2018

**By ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> Re: Madeleine C. Ball v. New York City Council, et al.
> 17-CV-4828 (JMF)

Dear Judge Furman:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendant City Council, and defendants William Alatriste and Ramon Martinez, named in their official capacities, ("Defendants") in the above-referenced action. I write, pursuant to Your Honor's Order, dated March 8, 2018, instructing counsel for defendants to show cause as to why the Court should not construe Plaintiff's service of the original complaint liberally to include claims against the individual defendants in both their official and individual capacities. As detailed below, any such broad construction is not supported by the plain text of Plaintiff's pleadings or by Plaintiff's actions and would violate the due process rights of Mr. Alatriste and Mr. Martinez.

      On June 26, 2017 Plaintiff filed her original complaint. See ECF Dkt. No. 1. Same was served on October 25, 2017. See ECF Dkt. Nos. 7-10. However, a day prior to service of the original complaint, on October 24, 2017, Plaintiff filed her Amended Complaint with the Court. See ECF Dkt. No. 6. Both Plaintiff's original Complaint and Amended Complaint named Melissa Mark-Viverito, Ramon Martinez, and William Alatriste solely in their official capacities. See ECF Dkt. Nos. 1 and 6.

      "[O]fficial-capacity suits general represent only another way of pleading an action against an entity of which an officer is an agent. Suits against state officials in their official capacity should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (internal citations and quotations omitted); KM Enters. v. McDonald, 518 F. App'x 12, 13 (2d Cir. 2013)(defendant sued in her official capacity "effectively rendering [the] [] suit against the State…"). "[W]hen officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation." Hafer v. Melo, 502 U.S. at 25.

"Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer…." Id.

"Added claims against a party in his or her individual capacity when she is already named in her official capacity is equivalent to adding an entirely new party – the defendant must therefore be served in accordance with Federal Rule of Civil Procedure 4, rather than by merely serving papers to the attorney of a party who has already made an appearance, as specified in Rule 5." Hovey v. Vermont, No. 5:16-CV-266, 2017 U.S. Dist. LEXIS 74279, at *13 (D. Vt. May 16, 2017). New service is required where an amended complaint includes "a change in the status of defendants" to include claims against them in their personal capacities. See Jackson v. Hayakawa, 682 F.2d 1344, 1348-49 (9th Cir. 1982). "[T]he fact that defendants were represented in their official capacities does not permit invocation of Rule 5(b) to excuse service under Rule 4(d)." Falu v. State Univ. of N.Y., Nos. CV-83-3744, CV-84-2640, 1991 U.S. Dist. LEXIS 15482, at *60 (E.D.N.Y. Sep. 13, 1991). Moreover, service of the Second Amended Complaint, newly naming them in their individual capacities, would be necessary to comport with the due process rights of the individually-named defendants. See Falu v. State Univ. of N.Y., Nos. CV-83-3744, CV-84-2640, 1991 U.S. Dist. LEXIS 15482, at *60 (E.D.N.Y. Sep. 13, 1991) ("New service would be necessary in order to satisfy the due process requirement of notice if there was to be a change in the status of defendants.")(quoting Jackson v. Hayakawa, 682 F.2d 1344 [9th Cir. 1982]). Additionally, plaintiff's *pro se* status is no excuse for failure to serve the defendants properly with the Second Amended Complaint. See Jonas v. Citibank, N.A., 414 F. Supp. 2d 411, 417 (S.D.N.Y. 2006)(*pro se* status does not excuse failure to comply with procedural rules).

Both Plaintiff's original Complaint and Amended Complaint specifically listed defendants as "Melissa Mark-Viverito, **in her capacity as Speaker of the New York City Council**; Ramon Martinez, **in his capacity as Chief of Staff for Council Speaker Melissa Mark-Viverito**; and William Alatriste, **in his capacity as Staff Photographer for the New York City Council Press Office**[.]" See ECF Dkt. Nos. 1 and 6 (emphasis added). While mindful of Plaintiff's *pro se* status, her prior pleadings make explicit the precise status of the individually named defendants in this matter, solely sued – it is abundantly clear –in their official capacities. See id. In addition to explicitly naming the defendants in their official capacities, plaintiff's claims and factual allegations in both her initial complaints relate to her status as an unpaid intern for the New York City Council and do not allude to any individual liability on behalf of Mr. Martinez and Mr. Alatriste.

As such, the undersigned presently is authorized to represent Mr. Martinez and Mr. Alatriste solely in their official capacities. Upon information and belief, Mr. Martinez and Mr. Alatriste have not been served with the Second Amended Complaint newly naming them in their individual capacities. Thus, they are not properly parties to this action in their individual capacities.[1]

---

[1] Additionally, it appears that Plaintiff's Second Amended Complaint has removed former speaker of the New York City Council Melissa Mark-Viverito from the caption entirely, and same should be reflected on the ECF Docket.

Upon proper service of the Second Amended Complaint on Mr. Martinez and Mr. Alatriste, the Corporation Counsel's Office must then determine whether we may represent the two individually-named defendants in their individual capacities pursuant to § 50-k of the New York General Municipal Law. In addition, individually-named defendants must also decide whether they wish to be represented by the Office of the Corporation Counsel. See Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984). If so, we must obtain their written authorizations and make a decision as to how to proceed on their behalf.

Accordingly, given the foregoing, the prior pleading cannot be construed to include claims against the individually-named defendants. Rather, plaintiff must properly serve the Second Amended Complaint upon Mr. Martinez and Mr. Alatriste in order to assert her claims against them in their individual capacity.[2]

Thank you for your consideration of this request.

Respectfully submitted,

/s/ Tomasz Pacholec
Tomasz Pacholec
Assistant Corporation Counsel

To:  Madeleine C. Ball (Via E-Mail)

---

[2] I notified Plaintiff on February 23, 2018 that both Mr. Alatriste and Mr. Martinez have agreed to allow the Office of the General Counsel for the New York City Council to accept service of process of the Second Amended Complaint on their behalf.