**17 Civ. 4828 (JMF)**

RECEIVED
SDNY PRO SE OFFICE

2018 MAR 29 AM 11: 49

S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADELEINE C. BALL,

                                                                                    Plaintiff,

                              -against-

NEW YORK CITY COUNCIL; RAMON MARTINEZ, in his individual capacity and in his
official capacity as Chief of Staff for Council Speaker; and WILLIAM ALATRISTE, in his
individual capacity and in his official capacity as Staff Photographer for the New York City
Council Press Office,

                                                                                    Defendants.

---

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

---

Madeleine C. Ball, Plaintiff in *Pro Se*
25-61 34th St, Apt 1
Astoria, NY, 11103
(203) 858-9978

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/18

**TABLE OF CONTENTS:**

**PRELIMINARY STATEMENT** ............................................................................. 1

**STATEMENT OF FACTS**................................................................................... 2

**ARGUMENT IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS**................... 3

  1.  PLAINTIFF DOES NOT LACK STANDING TO BRING A FLSA CLAIM AS SHE IS
      SUBJECT TO CIVIL SERVICE LAWS IN THE STATE OF NEW YORK........................3

  2.  PLAINTIFF STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER
      THE FLSA AND NEW YORK STATE CONTRACT LAW................................................8

    A.  APPLICABLE PLEADING STANDARD..................................................... 8

    B.  PLAINTIFF STATES A COGNIZABLE CLAIM UNDER THE FLSA ...................... 8

    C.  PLAINTIFF'S FLSA CLAIM IS NOT TIME-BARRED ............................................. 9

    D.  PLAINTIFF ARTICULATES A COGNIZABLE CONTRACT CLAIM .................... 9

       i.  APPLICABLE PLEADING STANDARD FOR BREACH OF CONTRACT.......... 9

      ii.  PLAINTIFF'S ALLEGED ORAL AGREEMENT STATES A CLAIM FOR
          BREACH OF CONTRACT.......................................................................... 10

      iii.  PLAINTIFF'S SIGNATURE ON A COUNCIL APPLICATION AND
          ACKNOWLEDGEMENT DO NOT BAR RECOVERY ........................................ 11

      iv.  DEFENDANT ALATRISTE HAD EITHER ACTUAL OR APPARENT
          AUTHORITY TO ENTER INTO AN EMPLOYMENT CONTRACT WITH
          PLAINTIFF.......................................................................................... 14

  3.  DEFENDANTS ALATRISTE AND MARTINEZ IN THEIR INDIVIDUAL
      CAPACITIES WERE PROPERLY SERVED AND SHOULD NOT BE DISMISSED.....16

**CONCLUSION** .............................................................................................. 16

## Table of Authorities

**Cases**

*Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 448 (E.D.N.Y 2013). ........................... 13

*Alberti v. County of Nassau*, 393 F. Supp. 2d 151, 173 (E.D.N.Y 2005) ........................................ 4

*Am. Well Works v. Royal Indem. Co.*, 160 A. 560, 562 (N.J.1932) ............................................... 14

*Automated Salvage Transp., Inc. v. NV Koninklijke KNP BT*, 106 F.Supp.2d 606, 619
(D.N.J.1999) ................................................................................................................................. 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ............................................................. 8

*Chandler v. Village of Spring Valley*, 104 A.D.3d 847 (N.Y. App. Div. 2013) .............................. 6

*Chetney v. Dashner*, 93 N.Y.S.2d 318 (N.Y. Sup. Ct. 1949) .......................................................... 6

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). ................................................................................. 8

*Eternity Global Master Fund Ltd. V. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir.
2004) ............................................................................................................................................. 9

*Farmer v. Arabian American Oil Company*, 277 F.2d 46, 52 (2d. Cir 1960) .............................. 14

*Favreau v. Catherwood*, 308 N.Y.S.2d 715 at 717 (Sup. Ct. 1970) ............................................... 6

Fowler v. Land Mgmt. Groupe, Inc., 978 F.2d 158, 163 (4th Cir. 1992). ....................................... 9

*Glatt v. Fox Searchlight Pictures, Inc.,* 811 F.3d 528, 536-37 (2d Cir. 2015) ............................... 8

*Harsco Corp v. Segui*, 91 F.3d 337, 348 (2d. Cir.1996) ................................................................. 9

*Hill v. City of Long Beach*, 33 Cal. App. 4th 1684, 1694 (Cal. Ct. App. 1995) ............................ 6

*Lee v. Jenkins Bros.*, 268 F.2d 357, 370 (2d Cir. 1959) ............................................................... 14

*Levy v. Lucent Technologies*, 2003 WL 118500 .......................................................................... 15

*Lifrak v. New York City Council*, 389 F. Supp. 2d 500, 505 (S.D.N.Y. 2005). ............................... 4

*Martin v. Malcolm Pirnie*, Inc., 949 F.2d 611, 614 (2d Cir.1991) .................................................. 4

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988). 29 U.S.C. 255(a). ......................... 9

*Ohanian v. Avis Rent A Car Sys., Inc.*, 779 F.2d 101 (2d Cir. 1985) ........................................... 10

*Powell v. State of N.Y.*, 869 F. Supp. 106 (N.D.N.Y. 1994 .............................................................. 6

*Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980). ................... 13

*Resetarits Const. Corp. v. Olmsted*, 118 A.D.3d 1454, 1455 (N.Y. App. Div. 2014) .............. 9, 12

*Sears Mortgage Corp. v. Rose*, 634 A.2d at 79 (N.J.1993) .......................................................... 14

*St. Paul Fire & Marine Ins. Co. v. Indemnity Ins. Co.*, 158 A.2d 825, 829 (N.J.1960) ............... 10

*State Dep't of Civil Service v. Clark*, 104 A.2d 685, 688 (N.J. 1954). ........................................... 7

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002)..................................................... 8, 11

**Statutes**

28 U.S.C. § 1331 ..................................................................................................... 7

28 U.S.C. 1367 ........................................................................................................ 8

29 C.F.R. § 553.11(c)............................................................................................... 6

29 U.S.C. § 203(d) .................................................................................................. 3

29 U.S.C. § 203(e)(1).............................................................................................. 3

29 U.S.C. § 203(e)(2)(C) .................................................................................. 1, 3, 6

29 U.S.C. § 203(e)(2)(C)(ii)(V) ............................................................................... 3

29 U.S.C. § 216(b) .................................................................................................. 7

29 U.S.C. 255(a) ..................................................................................................... 9

N.Y. CIV. SERV. LAW §§35, 40 (Consol. 1999)........................................................ 4

N.Y. CIV. SERV. LAW §35 (Consol. 1999).............................................................. 4

N.Y. CIV. SERV. LAW §40 (Consol. 1990). ............................................................. 5

N.Y. Civil Service Law §40.............................................................................. 4, 5, 6

**Other Authorities**

Black's Law Dictionary 982 (Bryan A. Garner, 9th edition. 2009) ............................... 5

Farnsworth on Contracts § 3.10, at 235 (Allan Farnsworth, 2d ed. 1998)................... 10

FRCP 12(b)(1) ........................................................................................................ 7

FRCP 12(b)(6) ........................................................................................................ 8

FRCP 8(a)(2)........................................................................................................... 8

Personnel Rules and Regulations of the City of New York, Rule 1. ............................. 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MADELEINE C. BALL,

                                        Plaintiff,

         -against-                                          17. Civ. 4828 (JMF)

NEW YORK CITY COUNCIL; RAMON MARTINEZ,
in his individual capacity and in his official capacity as
Chief of Staff for Council Speaker; and WILLIAM
ALATRISTE, in his individual capacity and in his official
capacity as Staff Photographer for the New York City
Council Press Office,

                                        Defendants.
------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Defendants' motion to dismiss seeks to strip vulnerable low-level employees of essential labor protections and misrepresent the contents of Plaintiff's complaint in order to avoid paying a small sum to an illegally unpaid intern. Defendants' argument that Plaintiff lacks standing under the Fair Labor Standards Act (FLSA) as an employee of the New York City Council ignores the fact that employees of legislative bodies are *only* exempt from the FLSA if they are also not subject to civil service laws (*see* 29 U.S.C. § 203(e)(2)(C)) and that Plaintiff is, in fact, subject to New York State's Civil Service Law. Plaintiff must be covered by the Civil Service Law on a plain reading of the statute, as well as in consideration of the purpose of the Civil Service Law and the interests of justice. Furthermore, Plaintiff has stated cognizable claims upon which relief can be granted as required by the Federal Rules. Plaintiff has stated claims under the FLSA and New York State Contract Law by alleging that she was not paid minimum wage as required by federal law and was not paid in accordance with a verbal contract to compensate her in exchange for her work.

1

According to Defendants' motion to dismiss, an employee of the New York City Council can hire an intern to assist with their work under the promise of payment, fail to pay them despite their performance of substantive work, and not be liable for unpaid wages. That result would be unjust and unconscionable.

Defendant's motion to dismiss does not specify why Plaintiff has failed to state a claim under the FLSA beyond a presumed lack of standing, and argues that she has not stated a claim under contract law by claiming that Plaintiff's Second Amended Complaint does not allege the existence of a contract for a paid position, which it does. Based on well-established pleading rules, Ms. Ball has stated valid claims against Defendants. Ms. Ball has pleaded the elements of her claim with particularity, including specific promises made to Ms. Ball by Defendant Alatriste and specific elements of the work she did for Defendants. Defendants' motion to dismiss claims under the FLSA and New York State Contract Law should be denied and Defendants' motion to dismiss Defendants Martinez and Alatriste should be denied.

## STATEMENT OF FACTS

In the spring of 2015, Defendant Alatriste visited Ms. Ball's NYU photojournalism class advertising a paid internship which Plaintiff applied for and was awarded. *See* Second Amended Complaint (Compl.) ¶¶ 10, 12. Prior to starting her internship, Defendant Alatriste clearly articulated to Plaintiff that she would be paid for her work and told her that her hourly wage would be determined later. Compl. ¶¶10, 12. Plaintiff accepted this offer under these terms. Plaintiff began working for Defendants in June of 2015. Compl. ¶ 5. During her time working there, Plaintiff was under the impression she would ultimately be paid and repeatedly asked to be paid. Defendant Alatriste repeatedly assured her that she would be paid verbally, and in written communications clearly suggested that she would be paid, though he discouraged her from discussing the matter with higher-ups, even threatening disciplinary action should she inquire

about her unpaid wages. Compl. ¶¶ 20-22, 29. Eventually, Defendant verbally stipulated to

Plaintiff that she would be paid $15 per hour for all work she had done and any subsequent work

she performed. Compl. ¶ 21. Plaintiff did substantive work for Defendants as a photographer, often

replacing her supervisor at events and working long or irregular hours. Compl. ¶¶ 23-25, 36.

Plaintiff has made numerous efforts to recover her unpaid wages over the course of the last two

years, including by repeatedly asking Defendant Alatriste to keep his promise, submitting a claim

to the New York City Council, and submitting a complaint to the New York City Comptroller.

Compl. ¶¶ 34, 38-39. Plaintiff had extremely limited funds when she worked for the New York

City Council and suffered serious financial consequences as a result of Defendants' failure to pay

her. Compl. ¶¶ 11, 37.

### ARGUMENT IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS

1. **PLAINTIFF DOES NOT LACK STANDING TO BRING A FLSA CLAIM AS SHE IS SUBJECT TO CIVIL SERVICE LAWS IN THE STATE OF NEW YORK**

The FLSA broadly defines employer to include a "public agency" (29 U.S.C. § 203(d)),

and outlines a few exceptions for which employees (generally defined as individuals employed by

an employer (29 U.S.C. § 203(e)(1))) are not covered by the FLSA.

Pursuant to 29 U.S.C. § 203, the term "employee" excludes an individual:

> (i) who **is not subject to the civil service laws** of the State, political subdivision, or agency which employs him; and (ii) who—(I) holds a public elective office of that State, political subdivision, or agency, (II) is selected by the holder of such an office to be a member of his personal staff, (III) is appointed by such an officeholder to serve on a policymaking level, (IV) is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of his office, or (V) is an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.

29 U.S.C. § 203(e)(2)(C) (emphasis added).

Defendants' motion to dismiss argues that Plaintiff is an employee of a legislative body

under 29 U.S.C. § 203(e)(2)(C)(ii)(V) and therefore lacks standing under the FLSA. Memorandum

of Law in Support of Served Defendants' Motion to Dismiss the Second Amended Complaint ("Mot. to Dismiss") at 8. Defendants bear the burden of proof on this argument: "[b]ecause the FLSA is a remedial statute, its exemptions must be narrowly construed, and an employer bears the burden of proving that its employees fall within one of those exemptions." *Alberti v. County of Nassau*, 393 F. Supp. 2d 151, 173 (E.D.N.Y 2005), citing *Martin v. Malcolm Pirnie*, Inc., 949 F.2d 611, 614 (2d Cir.1991). Conspicuously absent from Defendants' argument that Plaintiff lacks standing is the necessary claim that Plaintiff is not subject to civil service laws, which is a baseline requirement for Plaintiff to not qualify as an employee under the FLSA. Plaintiff in fact *is* subject to civil service laws, and therefore has standing to bring her FLSA claim.

Article III of the New York Civil Service Law, entitled "Jurisdiction," sorts employees into two jurisdictional categories: classified and unclassified. N.Y. CIV. SERV. LAW §§35, 40 (Consol. 1999). Unclassified employees, unlike classified employees, are not subject to New York Civil Service Laws. *Lifrak v. New York City Council*, 389 F. Supp. 2d 500, 505 (S.D.N.Y. 2005). The New York City Civil Service Law defines the unclassified service as "all offices and positions in the civil service of New York City as described in section thirty-five of the civil service law." Personnel Rules and Regulations of the City of New York, Rule 1. The only conceivably applicable portion of section thirty-five of the Civil Service Law (which describes unclassified employees) states that unclassified employees include:

> (c) all officers and employees of the state legislature, and all officers and employees of any other legislative body whose principal functions and duties are directly related to the performance of the legislative functions of such body.

N.Y. CIV. SERV. LAW §35 (Consol. 1999).

Plaintiff's principal functions and duties were not directly related to the performance of the New York City Council's legislative functions. Simply being an employee of the New York City

4

Council is not sufficient to be exempted from the Civil Service Law.[1] Defendants' claim that "as a matter of law, workers for the New York City Council are exempt from the FLSA under the "legislative body" provision" is flatly false. Mot. to Dismiss at 9.

Black's Law Dictionary defines "legislative" as "of or relating to lawmaking or to the power to enact laws." Black's Law Dictionary 982 (Bryan A. Garner, 9th edition. 2009). The plaintiff in *Lifrak*, the primary case cited by Defendants on this issue, was an attorney for the New York City's General Counsel who drafted civil rights legislation. Ms. Lifrak's duties clearly related to the city's legislative functions. Ms. Ball's duties, however, were not related to the city's lawmaking functions. Plaintiff's employment was not even tangentially related to the consideration, enactment, or even enforcement of any law, nor was she supervised by any person whose duties were related to the consideration or enactment of any law. The entire New York City Council Press Office could be eliminated without any appreciable effect on the ability of the City Council to enact legislation. Plaintiff is not an unclassified employee under the Civil Service Law, and is therefore a classified employee as the classified service is defined as "all offices and positions not included in the unclassified service." N.Y. CIV. SERV. LAW §40 (Consol. 1990).

Classified employees are covered by civil service laws for purposes of standing under the FLSA, even if not every classified employee is subject to each section of the civil service laws. They are "classified" as within the definition of the Civil Service Law, and there is no other apparent purpose for the jurisdictional distinction between classified and unclassified employees. Classified employees are broken into four classes: the exempt class, the non-competitive class, the labor class, and the competitive class, though all remain "classified" for jurisdictional purposes.

---

[1] If simply being an employee of the New York City Council were sufficient to be exempted from the Civil Service Law, the statute would not distinguish between *all* employees of the state legislature and *some* employees of other legislative bodies.

N.Y. Civ. Serv. Law §40 (Consol. 1990). Courts have repeatedly held that members of each of these classes are subject to some parts of the Civil Service Law.[2] Plaintiff, as a classified employee,[3] is subject to civil service laws.

Beyond a plain reading of the Civil Service Law itself, and copious case law applying civil service laws to every type of classified employee, there are sound policy reasons to consider Plaintiff's employment as subject to civil service laws. Department of Labor regulations note that: "the term 'civil service laws' refers to a personnel system established by law which is designed to protect employees from arbitrary action, personal favoritism, and political coercion." 29 C.F.R. § 553.11(c). The court in *Hill v. City of Long Beach* noted that:

> A civil service system is traditionally thought to protect lower level employees, who exercise little or no discretion in matters of public policy, from having their jobs depend on the whims of elected officials, while leaving higher level managers, who exercise much more discretion, unprotected, and thus more responsive and accountable to political events, elected officials, and, ultimately, the electorate.

*Hill v. City of Long Beach,* 33 Cal. App. 4th 1684, 1694 (Cal. Ct. App. 1995).

Given the reasons for a civil service law system, it is imperative that Plaintiff be offered the protection of civil service laws and the FLSA. The narrow list of exemptions under the FLSA for elected officials and their staffers, policymakers, advisors, and legislative employees (29 U.S.C. § 203(e)(2)(C)) exempts individuals who typically have a notable degree of power and discretion and should be accountable to the people and the electorate. To prevent vulnerable low-level employees, such as Plaintiff, from being inadvertently excluded from FLSA protections, the

---

[2] See, e.g., *Chandler v. Village of Spring Valley*, 104 A.D.3d 847 (N.Y. App. Div. 2013) (holding that labor class employees were protected from removal by § 75); *Chetney v. Dashner*, 93 N.Y.S.2d 318 (N.Y. Sup. Ct. 1949) (veterans in both the exempt class and noncompetitive classes are protected by § 22); *Powell v. State of N.Y.*, 869 F. Supp. 106 (N.D.N.Y. 1994) (noncompetitive class members have the right to bump less senior employees from their positions under § 80a); *Favreau v. Catherwood*, 308 N.Y.S.2d 715 at 717 (Sup. Ct. 1970) (competitive and noncompetitive class both receive significant benefits under Civil Service Laws).

[3] Determination or discussion of whether Ms. Ball was a member of the exempt class, the non-competitive class, the labor class, or the competitive class is not necessary for the purposes of this case, which does not seek to apply any section of the Civil Service Law but merely to establish standing under the FLSA for minimum-wage purposes.

Act balanced these exemptions with the requirement that exempted individuals not be subject to civil service laws. Plaintiff was in a position of extremely limited authority, and was absolutely vulnerable to arbitrary action, including the decision to not pay her as promised and to threaten to discipline her for inquiring about her unpaid wages. Construing the New York Civil Service Law to exclude Plaintiff would leave similarly situated low-level employees without any protection under state or federal labor laws and therefore vulnerable to wage theft, pay discrimination, and other abuse from employers who could act with impunity.

Courts have further recognized that civil service laws should be broadly interpreted to protect employees given their purpose. In *Glenn v. State University of N.Y.* the court stated that: "it is well settled that "the primary purpose of civil service laws and rules is to promote the good of the public service, which purpose is not to be frustrated by technical or narrow constructions."" *Glenn v. State Univ. of N.Y.*, 663 N.Y.S.2d 633, 634 (N.Y. App. Div. 1997). In *State Dep't of Civil Service v. Clark*, the court noted that "many decisions have recognized that the purpose of the Civil Service Law is to procure efficient public service…and that the law should be given a broad construction to bring employees within its operation." *State Dep't of Civil Service v. Clark*, 104 A.2d 685, 688 (N.J. 1954). To consider Plaintiff to be an unclassified employee and thus unprotected by the FLSA would be an arbitrarily narrow construction of the New York Civil Service Law which has no basis in the text of the statute or existing case law.

Plaintiff was a classified employee both within a plain reading of the statute, as her principal duties were not directly related to the City Council's legislative functions, and in light of the legislative intent of the FLSA and the New York Civil Service Law. Plaintiff is thus subject to New York Civil Service Laws. Therefore, Plaintiff has standing under the FLSA and this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and

7

this case should not be dismissed under FRCP 12(b)(1). Additionally, as Plaintiff has standing for her federal claim, this Court has supplemental jurisdiction for her claims under New York State Contract Law pursuant to 28 U.S.C. § 1367.

## 2. PLAINTIFF STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER THE FLSA AND NEW YORK STATE CONTRACT LAW

### A. APPLICABLE PLEADING STANDARD

For the purposes of considering a motion to dismiss, the court must accept as true all factual allegations contained in the complaint. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002). FRCP 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Furthermore, Plaintiff in *Pro Se* is entitled to latitude in the interpretation of her complaint, as a document filed *Pro Se* is to be liberally construed, and must be held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B. PLAINTIFF STATES A COGNIZABLE CLAIM UNDER THE FLSA

Defendants' claim that, "Plaintiff nevertheless does not state a claim under the FLSA upon consideration of the *Glatt* factors" is not evidenced by any further argument. Mot. to Dismiss at n.6. Plaintiff makes clear and specific allegations regarding the nature of the work she did for the New York City Council and alleges that she was not paid minimum wage, or any wage at all, which is a clear violation of the FLSA and entitles her to relief. 29 U.S.C. §203, §206(a), §215(a)(2), *Glatt v. Fox Searchlight Pictures, Inc.,* 811 F.3d 528, 536-37 (2d Cir. 2015). Her allegations are made upon her direct knowledge of events that transpired and are neither conclusory nor a mere recital of the elements required to state a claim under the FLSA. Therefore, Plaintiff's FLSA claim should not be dismissed under FRCP 12(b)(6).

### C. PLAINTIFF'S FAIR LABOR STANDARDS ACT CLAIM IS NOT TIME-BARRED

Plaintiff's cause of action is not time barred as Plaintiff had two years from the accrual of the cause of action to bring her claim. 29 U.S.C. 255(a). Ms. Ball began employment on June 14, 2015, and did not expect payment until at least two weeks later. Ms. Ball's cause of action did not accrue until at least June 28, 2015, when she was not paid, and Plaintiff filed her claim on June 26, 2017, within two years.

Additionally, if it is found that Defendants' failure to pay Ms. Ball was willful (that the employer knew it was in violation of the FLSA or acted in reckless disregard as to whether it was in violation of the FLSA), the statute of limitations is extended to three years. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988). 29 U.S.C. 255(a). Whether or not a violation of the FLSA is willful is an issue of fact to be determined at trial. *Fowler v. Land Mgmt. Groupe, Inc.*, 978 F.2d 158, 163 (4th Cir. 1992).

### D. PLAINTIFF ARTICULATES A COGNIZABLE CONTRACT CLAIM

#### i. APPLICABLE PLEADING STANDARD FOR BREACH OF CONTRACT

To state a claim for breach of contract under New York law, a plaintiff must allege: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Global Master Fund Ltd. V. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004), citing *Harsco Corp v. Segui*, 91 F.3d 337, 348 (2d. Cir.1996). Furthermore, "To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Resetarits Const. Corp. v. Olmsted*, 118 A.D.3d 1454, 1455 (N.Y. App. Div. 2014).

### ii.   PLAINTIFF'S ALLEGED ORAL AGREEMENT STATES A CLAIM FOR BREACH OF CONTRACT

Plaintiff clearly states a claim for breach of contract under New York Law by alleging that (a) Defendant Alatriste offered for Ms. Ball to work full-time as a photojournalism intern for at least the summer of 2015, in exchange for pay which would be determined later, (b) Ms. Ball agreed to these terms, (c) Ms. Ball performed the contract as agreed by working as a photojournalism intern over the summer of 2015, (d) Mr. Alatriste breached this contract by not paying her as agreed, and (e) that Plaintiff is entitled to damages for every hour of unpaid work she did and possibly for failing to provide her with a full-time position. *See* Second Amended Complaint, generally. Plaintiff makes these allegations clearly and with particularity.

The agreement between Plaintiff and Defendant Alatriste as articulated in Plaintiff's Complaint is an enforceable oral agreement as Plaintiff has established offer, acceptance, consideration (payment in exchange for work), mutual assent, and actions consistent with intent from both parties to be bound. Defendants are responsible for the effects of this contract: "[I]f the conduct of defendant objectively viewed, reveals a promise to pay, defendant must meet that obligation whatever may have been its unrevealed expectation." *St. Paul Fire & Marine Ins. Co. v. Indemnity Ins. Co.*, 158 A.2d 825, 829 (N.J.1960). *See also* Farnsworth on Contracts § 3.10, at 235 (Allan Farnsworth, 2d ed. 1998) ("Conduct that would lead a reasonable person in the other party's position to infer a promise in return for performance or promise may amount to an offer.") Finally, oral agreements are enforceable in the State of New York. *See, e.g., Ohanian v. Avis Rent A Car Sys., Inc.*, 779 F.2d 101 (2d Cir. 1985).

Defendants' motion to dismiss points to perceived ambiguities in some of Plaintiff's evidence of written communications between her and Defendant Alatriste to argue that there was no definite offer. However, consideration and interpretation of the evidence is inappropriate at this

stage of litigation. Plaintiff clearly alleges that Defendant Alatriste unequivocally promised to pay her verbally on multiple occasions, including before she began work and before she signed a document that indicated her position may be unpaid. *See* Second Amended Complaint ¶¶12, 16. Defendants cannot simply claim this allegation is "fanciful" (Mot. to Dismiss at 17) and that the Second Amended Complaint therefore fails to state a claim – for the purposes of a 12(b)(6) motion to dismiss, all facts contained in the complaint are assumed to be true. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002). The evidence presented in Plaintiff's complaint is not an exhaustive list of all written communications between Plaintiff and Defendant, and Plaintiff is entitled to the opportunity to attempt to acquire more evidence during discovery. Plaintiff has alleged facts sufficient to show that, Plaintiff is entitled to relief under New York State Law.

### iii. PLAINTIFF'S SIGNATURE ON A COUNCIL APPLICATION AND ACKNOWLEDGEMENT DO NOT BAR RECOVERY

Defendants' claim that "[t]he only contract pleaded by Plaintiff within her Second Amended Complaint is her agreement to engage in an unpaid internship with the City Council" grossly misrepresents the contents of Plaintiff's complaint. Mot. to Dismiss at 12. Plaintiff clearly alleges the existence of an oral agreement between Plaintiff and Defendant Alatriste. *See* Second Amended Complaint ¶¶10, 12. Plaintiff began performance of this contract two days *before* she signed documents referencing that it may be unpaid. These documents ("Council Application for Unpaid Positions"[4] and "Orientation Receipt and Acknowledgement"[5]) do not constitute an agreement or contract to do unpaid work as Defendants argue. The Council Application is merely a standard work application asking for information about the applicant, and the Orientation Receipt and Acknowledgement is an Acknowledgement that Ms. Ball received orientation materials.

---

[4] Available on ECF Docket No. 6, pages 22-23 of 24.
[5] Available on ECF Docket No. 6, page 24 of 24.

The aforementioned documents do not constitute a contract of any sort, as they lack any clear offer, consideration, or intent to be bound as required by New York State Contract Law. *See* Council Application for Unpaid Positions, Orientation Receipt and Acknowledgement; *see also Resetarits Const. Corp. v. Olmsted*, 118 A.D.3d at 1455. In neither document does Plaintiff agree to do anything, nor does she expressly assent to the position being unpaid. The only references to the unpaid nature of the position are in the title of the documents and in one statement on the Orientation Receipt and Acknowledgement stating "I understand that individuals who do not receive any compensation for their work at the City Council are generally not covered by Workers' Compensation Insurance," a statement that Plaintiff reasonably assumed did not apply to her *because she did not assent to being an unpaid worker*. *See* Orientation Receipt and Acknowledgement. There is no statement in the Council Application or the Orientation Receipt and Acknowledgement to the effect of "I understand that I am an uncompensated worker."

The Council Application and Orientation Receipt had every appearance of a formality, as Ms. Ball filled out the application *after commencing work* for the New York City Council. Defendants' claim that "At no time does Plaintiff reference any application for a paid position" (*See* Second Motion to Dismiss at 13) is false, as Plaintiff clearly alleges that she applied for an advertised paid position with Defendant Alatriste prior to starting work. *See* Second Amended Complaint ¶12.

Assuming, *arguendo*, that one or both of the above-referenced documents signed by Ms. Ball do constitute some sort of enforceable agreement, they would be a modification to the original agreement between Ms. Ball and Defendant Alatriste which Ms. Ball commenced performance of when she began work prior to signing. The Council Application and Orientation Receipt and

Acknowledgement were clearly not integrated agreements, as they were two separate forms and did not contain a merger clause nor define any relevant terms of employment.

Furthermore, a modification made in bad faith, or made under fraud or duress, is not enforceable. Defendant Alatriste was misleading as to the effect of signing the Council Application and Orientation Receipt and Acknowledgement, claiming that they were just formalities, necessary for continued employment, that would not affect her future payment. *See* Second Amended Complaint ¶16. Therefore, these documents, far as they are construed as a contract or agreement, are voidable by fraud in the inducement, which is an issue of fact that cannot be dispensed with at this pleading stage. *See, e.g., Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 448 (E.D.N.Y 2013). The misrepresentation alleged by Plaintiff is not inconsistent with the documents Plaintiff signed, as there is no express clause asking Plaintiff to acknowledge that her position is unpaid. All plaintiff is acknowledging in these documents is her receipt of orientation materials. Finally, the Court could find that Ms. Ball signed the documents under duress, as Mr. Alatriste stated that her signature was necessary for continued employment, which could be considered a threat to breach their previous contract, which Ms. Ball relied on when she declined other summer employment opportunities. *See* Second Amended Complaint ¶16. This also presents an issue of material fact that precludes granting the Defendants' motion to dismiss. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980) (holding that the presence of duress is an issue of material fact.)

The Council Application and Orientation Receipt and Acknowledgement signed by Plaintiff do not constitute an agreement, or in the alternative, do not constitute an integrated agreement and genuine issues of material fact remain as to whether they are voidable under fraud

or duress. Ms. Ball's signatures on these documents do not bar her from recovery for breach of the oral agreement with Defendant Alatriste.

### iv. DEFENDANT ALATRISTE HAD EITHER ACTUAL OR APPARENT AUTHORITY TO ENTER INTO AN EMPLOYMENT CONTRACT WITH PLAINTIFF

Defendants argue that Defendant Alatriste had no authority to make an offer for a paid position at the City Council. *See* Mot. to Dismiss at 14. It would be inappropriate to determine at this stage whether Defendant Alatriste lacked the requisite actual or apparent authority to enter into a contract for paid employment with Plaintiff. Courts commonly hold that "apparent authority is essentially a question of fact." *Farmer v. Arabian American Oil Co.*, 277 F.2d 46, 52 (2d. Cir 1960), *citing Lee v. Jenkins Bros.*, 268 F.2d 357, 370 (2d Cir. 1959). However, for the sake of argument, we will address Defendants' contentions that Mr. Alatriste lacked actual or apparent authority.

Defendants support their claim that Defendant Alatriste lacked actual authority to enter into a contract with Plaintiff solely by pointing out that the Council Application that Plaintiff filled out after beginning work evidences "policies and procedures for their hiring of unpaid interns." *See* Mot. to Dismiss at 14. Defendants offer no evidence that Mr. Alatriste did not actually have authority to hire paid interns. Furthermore, even if a person is not an "actual agent," that person may be an agent by virtue of "apparent authority." *Sears Mortgage Corp. v. Rose*, 634 A.2d at 79 (N.J.1993). "The rule is that the principal is bound by the acts of his agent within the apparent authority which he knowingly permits the agent to assume, or which he holds the agent out to the public as possessing." *Am. Well Works v. Royal Indem. Co.*, 160 A. 560, 562 (N.J.1932). *See also Automated Salvage Transp., Inc. v. NV Koninklijke KNP BT*, 106 F.Supp.2d 606, 619 (D.N.J.1999) ("Whether an agent is cloaked with apparent authority is a factual question. The often stated question...is whether the principal...placed the agent in such a situation that a person of ordinary

prudence... is justified in believing that the agent had authority to perform the act in question.")
*Levy v. Lucent Technologies*, 2003 WL 118500. By sending Defendant Alatriste to advertise a paid
position to college classrooms, the City Council placed Mr. Alatriste in a situation that would lead
a person of ordinary prudence to believe that Mr. Alatriste had authority to offer a paid position.
Mr. Alatriste seemed to be acting within his discretion as a supervisor hiring supplemental help.

Defendants argue that the written exchanges documented in the Second Amended
Complaint between Plaintiff and Defendant Alatriste serve as evidence that Plaintiff had
knowledge that Mr. Alatriste did not have authority to offer her a paid position. Mot. to Dismiss
at 15. However, these exchanges occurred *after* Ms. Ball accepted Defendant Alatriste's offer of a
paid position. Defendant Alatriste appeared perfectly capable of offering Ms. Ball a paid internship
at the time he made the offer.

Additionally, these written exchanges show that payment was highly probable: ""I'm almost
*certain* that I'll be able to pay for your [sic] of the internship." Exhibit A1; "Look you can continue
to work this semester as you sked [sic] allows. Paid *of course*." Exhibit A3. (Emphasis added.)
Additionally, oral exchanges alleged between Plaintiff and Defendant Alatriste show that Alatriste
frequently emphasized that Plaintiff did not have to worry that she would not be paid. *See* Second
Amended Complaint, ¶¶12, 16, 20-22, 29-32. Defendants use the written exchange "[a]fter a
month of pushing and pulling, I think I've finally managed to get through to the powers that control
the flow of funds" (Exhibit A2) as evidence that Plaintiff had knowledge that Defendant Alatriste
did not have authority to offer her a paid position. At most, this exchange shows that Plaintiff had
knowledge that Defendant Alatriste did not personally control payroll funds.

15

### 3. DEFENDANTS ALATRISTE AND MARTINEZ IN THEIR INDIVIDUAL CAPACITIES WERE PROPERLY SERVED AND SHOULD NOT BE DISMISSED

Service was effected upon Defendants Alatriste and Martinez in their individual capacities on March 29, 2018. Service was effected within 90 days of the issuance of the Summons on March 20, 2018 as directed by the Order of Service entered on the same day. Docket No. 33. Defendants Alatriste and Martinez should not be dismissed for improper service.

### CONCLUSION

For the foregoing reasons, Plaintiff in Pro Se respectfully requests that the Court: (1) deny the motion to dismiss her claims under the FLSA and New York State Contract Law, and (2) deny the motion to dismiss Defendants Martinez and Alatriste. To the extent any aspect of the motion to dismiss the aforementioned claims is granted, Plaintiff respectfully requests that the Court allow Plaintiff leave to amend her complaint.

Dated: Astoria, New York      March 29, 2018

Madeleine Ball
25-61 34th St. Apt. 1
Astoria, New York 11103
(203) 858-9978
Plaintiff in *Pro Se*

16