17 Civ. 4828 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADELEINE C. BALL,

                                          Plaintiff,

                  -against-

NEW YORK CITY COUNCIL, RAMON MARTINEZ, in his individual capacity and in his official capacity as Chief of Staff for Council Speaker Melissa Mark-Viverito, and WILLIAM ALATRISTE, in his individual capacity and in his official capacity as Staff Photographer for the New York City Council Press Office,

                                          Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Tomasz Pacholec*
*Tel:  (212) 356-2470*
*Matter No. 2017-038816*

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ................................................................................................................2

Coley v. Vannguard Urban Improvement Ass'n,
    No. 12-CV-5565 (PKC), 2014 U.S. Dist. LEXIS 135608 (E.D.N.Y. Sep. 24,
    2014) ......................................................................................................................................2

Noel v. L&M Holding Corp.,
    35 A.D.3d 681 (2d Dep't 2006) .............................................................................................5

Rudy v. Consolidated Restaurant Companies, Inc.,
    2010 U.S. Dist. Lexis 92764 (N.D. Tex. 2010) .....................................................................3

Value Time, Inc. v. Windsor Toys, Inc.,
    709 F. Supp. 436 (S.D.N.Y. 1989) ........................................................................................5

## **TABLE OF CONTENTS**

**PAGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MADELEINE C. BALL,

                                                    Plaintiff,

             -against-                           17 Civ. 4828 (JMF)

NEW YORK CITY COUNCIL, RAMON MARTINEZ, in his individual capacity and in his official capacity as Chief of Staff for Council Speaker Melissa Mark-Viverito, and WILLIAM ALATRISTE, in his individual capacity and in his official capacity as Staff Photographer for the New York City Council Press Office,

                                                   Defendant.
------------------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

Defendant Alatriste and Defendant Martinez (the "Individual Defendants") submit this reply memorandum of law in further support of their motion to dismiss Plaintiff's Second Amended Complaint ("SAC"). For the reasons set forth below and in both the February 13, 2018 and June 12, 2018 motions to dismiss, the Individual Defendants respectfully request that their motion to dismiss be granted in its entirety, and the SAC be dismissed.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S SECOND AMENDED COMPLAINT DOES NOT ALLEGE ANY FACTS TO SUPPORT INDIVIDUAL LIABILITY UNDER THE FLSA OR NYLL**

1

As discussed in the Individual Defendants' Moving Brief, application of the "economic realities test" compels the conclusion that neither Individual Defendant could be considered an "employer" under the FLSA and the NYLL. See Moving Br. at 8.  In fact, despite Plaintiff's contentions that the determination of whether an individual constitutes an "employer" is inappropriate at the motion to dismiss stage, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level…" and a complaint should be dismissed where a plaintiff has not "nudged [her] claims across the line from conceivable to plausible[.]"  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); Coley v. Vannguard Urban Improvement Ass'n, No. 12-CV-5565 (PKC), 2014 U.S. Dist. LEXIS 135608 (E.D.N.Y. Sep. 24, 2014).  Here, Plaintiff's factual allegations fail to plausibly demonstrate that either individual defendant exercised the requisite operational control to constitute her "employer" under the FLSA or NYLL.  Accordingly, all claims against the Individual Defendants should be dismissed.

With regard to Defendant Alatriste, Plaintiff argues that the SAC adequately pled that Defendant Alatriste had the power to hire employees at the City Council; that Defendant Alatriste controlled the terms of Plaintiff's employment; and that Defendant Alatriste determined the rate of Plaintiff's pay.  See Plaintiff's Opposition at pages 5-6, ECF Docket No. ("Plaintiff's Opposition").  However, the SAC in fact only alleges that Defendant Alatriste told the Plaintiff that he was "working on getting [Plaintiff] paid;" that he was "almost certain" that he would be able to get her paid for the internship; and that "[a]fter a month of pushing and pulling, I think I've finally managed to get through to the powers that control flow of funds."  See SAC at ¶20; Ex. A1.  Despite Plaintiff's baseless contention to the contrary, these allegations do not- and cannot - support a finding that Defendant Alatriste had the authority or ability to control the conditions of Plaintiff's employment.  Instead, they merely demonstrate that Defendant Alatriste

was Plaintiff's low-level supervisor and that Defendant Alatriste took it upon himself to advocate for Plaintiff.  See Rudy v. Consolidated Restaurant Companies, Inc., 2010 U.S. Dist. Lexis 92764, at *14 (N.D. Tex. 2010) ("courts generally reject the belief that a low-level supervisor of other employees can be individually liable.").

Plaintiff also attempts to support her position by arguing that Defendant Alatriste maintained employment records for Plaintiff.  This argument, however, is wholly without merit.  As Plaintiff is undoubtedly aware, the SAC's only allegations relating to the maintaining of employment records involves Defendant Alatriste advising Plaintiff that it is necessary for her to maintain her own records.  SAC at ¶22 ("Mr. Alatriste repeatedly asked Ms. Ball to record her hours for the purposes of payment"); Ex. A1 ("Hopefully you've been keeping record of your hours.")  These allegations merely establish that Defendant Alatriste, Plaintiff's low-level supervisor, made it clear to Plaintiff that she would need to maintain her own records.

Plaintiff additionally argues that Defendant Alatriste was Plaintiff's "employer" because he "benefited from her work" by "replac[ing] [Defendant Alatriste] at events that he was assigned to attend."  See Plaintiff's Opp. at 6.  Significantly, Plaintiff grossly misinterprets the controlling legal authority by conflating the receipt of some "benefit" from a plaintiff's employment with "personally profiting" from alleged labor law violations.  Although it may be a "benefit" for a low-level supervisor to send someone in their place to an event, this is wholly irrelevant to the economic realities analysis.  Instead, what the Second Circuit has determined to be relevant is whether or not a defendant is "personally profiting" from the alleged violations by having a direct financial incentive and financial stake in perpetuating the violations in question.  See Moving Br. at 9.  Unlike the Defendant in Irizarry, there is no allegation that Defendant

3

Alatriste "personally profited" from the alleged violations, and therefore lends further support to the finding that Defendant Alatriste was not Plaintiff's "employer."

Plaintiff's arguments as to Defendant Martinez similarly fail. Specifically, Plaintiff contends that Defendant Martinez can somehow be deemed to be Plaintiff's employer because Defendant Alatriste allegedly informed her that Defendant Martinez was in charge of managing payroll and was allegedly aware of Plaintiff's nonpayment. See Plaintiff's Opp. at pgs. 6-7. Further, Plaintiff argues that because Defendant Alatriste purportedly told Plaintiff that going to Defendant Martinez would be the worst thing she could this somehow suggests a level of control by Defendant Martinez over Plaintiff's employment rendering him an "employer" under the "economic realities" test. Even assuming Defendant Martinez had any knowledge of Plaintiff's brief status at the City Council, during the summer months of 2015, the SAC merely alleges that the Chief of Staff of the City Council was made aware that a student who completed an application for unpaid internship was not being paid. These inadequate allegations against Defendant Martinez fall well short of establishing any of the factors of the economic reality test. Further, as demonstrated in the Individual Defendants' Moving Brief, there is no basis to conclude that Defendant Martinez obtained any personal profit from the actions in question or that he was the sole person in charge of the corporate defendant, here, the legislative body for the City of New York. See Moving Br. at 9.

Considering the above, it is clear that the SAC does not allege sufficient facts to support a determination under the "economic reality" test that the Individual Defendants exercised "substantial control" over the applicable "terms and conditions of employment."

## POINT II

**PLAINTIFF'S SECOND AMENDED COMPLAINT DOES NOT ALLEGE ANY FACTS TO SUPPORT A CONTRACT BETWEEN PLAINTIFF AND THE <u>INDIVIDUALLY NAMED DEFENDANTS</u>**

As the Individual Defendants argued in their Opening Brief, to the extent a breach of contract claim was asserted against either Individual Defendant, the SAC fails to state a claim and should be dismissed.  <u>See</u> Moving Br. at 10-11.  Concerning Defendant Martinez, Plaintiff concedes that no contract existed between her and Defendant Martinez. Concerning Defendant Alatriste, Plaintiff argues that even if Defendant Alatriste lacked apparent or actual authority to modify the nature of Plaintiff's unpaid internship, there nevertheless must be a contract between her and Defendant Alatriste individually.  This logic omits an essential irrefutable detail: there was an agreement between Plaintiff and the City Council – indeed, an explicit agreement for Plaintiff to perform the unpaid duties of a summer photojournalism intern for the duration of the summer.  <u>See</u> "Council Application for Unpaid Positions" Exhibit I to the SAC.[1]  Plaintiff applied for and was granted this opportunity.  At no point does Plaintiff plead that she was informed of an opportunity to work for Defendant Alatriste in his individual capacity or that Defendant Alatriste ever intended to be personally bound by the alleged contract.  <u>See e.g.</u>, <u>Noel v. L&M Holding Corp.</u>, 35 A.D.3d 681, 682 (2d Dep't 2006)("The Supreme Court properly granted [defendant]'s motion for summary judgment dismissing the complaint insofar as asserted against him as there was no evidence to support a finding that [defendant] intended to be personally bound by the contract of sale between [corporate defendant] and the plaintiffs."); <u>Value Time, Inc. v. Windsor Toys, Inc.</u>, 709 F. Supp. 436, 438 (S.D.N.Y. 1989)(finding that

---

[1] Plaintiff refers to her "Council Application for Unpaid Positions" in ¶42 of the SAC and as Exhibit I, "Insert 'application' here".  However, she fails to attach same.  The "Council Application for Unpaid Positions" is available on ECF Docket No. 6, pages 22-23 of 24.

defendant was not liable for breach of contract because "he was acting in his capacity as an officer…cannot be held individually liable for the corporation's alleged breach of contract.").

It is empirically clear that Plaintiff was offered and applied for an unpaid internship. It is equally evident that, with the agreement memorializing such an arrangement, there is no employment agreement between plaintiff and Defendant Alatriste in his individual capacity. As such, Plaintiff's breach of contract claim should be dismissed.

## CONCLUSION

For the reasons set forth above, Individual Defendants respectfully request that the Court grant their motion to dismiss the Second Amended Complaint in its entirety with prejudice and deny the relief requested therein, together with such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         July 17, 2018

        ZACHARY W. CARTER
        Corporation Counsel of the
          City of New York
        Attorney for Defendants
        100 Church Street, Room 2-109C
        New York, New York 10007
        (212) 356-2470

By:       /s/
        Tomasz Pacholec
        Assistant Corporation Counsel