UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

MADELEINE C. BALL,

                                                    Plaintiff,

-against-

THE NEW YORK CITY COUNCIL; and WILLIAM
ALATRISTE, in his individual capacity,

                                                   Defendants.
------------------------------------------------------------------------------- x

**ANSWER TO THE SECOND AMENDED COMPLAINT**

17 Civ. 4828 (JMF)

        Defendants New York City Council ("City Council"), and William Alatriste ("Alatriste") (collectively "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Second Amended Complaint, dated December 22, 2017 ("SAC"), as limited by the September 26, 2018 Opinion & Order of the Honorable Jesse M. Furman – which dismissed the following: plaintiff's New York Labor Law claim in its entirety; plaintiff's New York contract law claim in its entirety; plaintiff's claims against Ramon Martinez, in both his official and individual capacities; and plaintiff's claims against William Alatriste in his official capacity – respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the SAC, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the SAC, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

        3.     Deny the allegation set forth in paragraph "3" of the SAC, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

        4.     Deny the allegations set forth in paragraph "4" of the SAC, except admit that plaintiff purports to invoke the venue of the Court as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the SAC, except admit that plaintiff worked as an unpaid photojournalism intern at the New York City Council from on or about June 14, 2015, through August 28, 2015.

6. Deny the allegations set forth in paragraph "6" of the SAC, except admit that the New York City Council is the principal legislative body of the City of New York.

7. Deny the allegations set forth in paragraph "7" of the SAC, except admit that Melissa Mark-Viverito formerly served as the Speaker of the New York City Council.

8. Deny the allegations set forth in paragraph "8" of the SAC, except admit that Ramon Martinez formerly served as the Chief of Staff for former Council Speaker Melissa Mark-Viverito.

9. Deny the allegations set forth in paragraph "9" of the SAC, except admit that William Alatriste is a Staff Photographer at the New York City Council and supervised plaintiff.

10. Deny the allegations set forth in paragraph "10" of the SAC, except admit that Mr. Alatriste was a guest speaker in Ms. Ball's NYU photojournalism class.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the SAC.

12. Deny the allegations set forth in the paragraph "12" of the SAC.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's memory in paragraph "13" of the SAC, except admit that plaintiff completed a "Council Application for Unpaid Positions" and "Orientation Receipt & Acknowledgment Unpaid Positions," both dated June 16, 2015.

14. Deny the allegations set forth in paragraph "14" of the SAC, except admit that Ms. Ball filled out the paperwork at 250 Broadway, New York, NY 10007.

15. Deny the allegations set forth in paragraph "15" of the SAC, and respectfully refer the Court to the documents referenced therein for a complete and accurate description of their contents.

16. Deny the allegations set forth in paragraph "16" of the SAC.

17. Deny the allegations set forth in paragraph "17" of the SAC, and respectfully refer the Court to the documents referenced therein for a complete and accurate description of their contents.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the SAC.

19. Deny the allegations set forth in paragraph "19" of the SAC, except admit that Mr. Alatriste did not provide Ms. Ball with any wage notice.

20. Deny the allegations set forth in paragraph "20" of the SAC, and respectfully refer the Court to the documents referenced therein for a complete and accurate description of their contents.

21. Deny the allegations set forth in paragraph "21" of the SAC.

22. Deny the allegations set forth in paragraph "22" of the SAC, except admit that plaintiff was required to record the hours spent working during her internship.

23. Deny the allegations set forth in paragraph "23" of the SAC, except admit that Ms. Ball took photographs at certain council activities throughout the city, and respectfully refer the Court to the documents referenced therein for a complete and accurate description of their contents.

24. Deny the allegations set forth in paragraph "24" of the SAC.

25. Deny the allegations set forth in paragraph "25" of the SAC.

26. Deny the allegations set forth in paragraph "26" of the SAC.

27. Deny the allegations set forth in paragraph "27" of the SAC, except admit that Ms. Ball photographed certain council events.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the SAC.

29. Deny the allegations set forth in paragraph "29" of the SAC, and respectfully refer the Court to the documents referenced therein for a complete and accurate description of their contents.

30. Deny the allegations set forth in paragraph "30" of the SAC, except admit that Mr. Alatriste had conversations with Mr. Martinez regarding Ms. Ball.

31. Deny the allegations set forth in paragraph "31" of the SAC, except admit that Mr. Alatriste had conversations with Mr. Koch regarding Ms. Ball.

32. Deny the allegations set forth in paragraph "32" of the SAC, and respectfully refer the Court to the document referenced therein for a complete and accurate description of its contents.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the SAC.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the SAC, and respectfully refer the Court to the documents referenced therein for a complete and accurate description of their contents.

35. Deny the allegations set forth in paragraph "35" of the SAC, except admit that plaintiff recorded 236.25 hours on her time records, and respectfully refer the Court to the document referenced therein for a complete and accurate description of its contents.

36. Deny the allegations set forth in paragraph "36" of the SAC.

37. Deny the allegations set forth in paragraph "37" of the SAC.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's requests as set forth in paragraph "38" of the SAC.

39. Deny the allegations set forth in paragraph "39" of the SAC, except admit that Plaintiff filed a claim with the City of New York in or around June 2017.

40. Deny the allegations set forth in paragraph "40" of the SAC, except admit that Mr. Hossain sent an email to Ms. Ball in July of 2017 and Ms. Ball responded to the email by return email and phone messages.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the SAC, and respectfully refer the Court to the document referenced therein for a complete and accurate description of its contents.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the SAC.

43. In response to the allegations set forth in paragraph "43" of the SAC, Defendants repeat and reallege the responses set forth in paragraphs "1" through "42" inclusive of their Answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the SAC.

45. Deny the allegations set forth in paragraph "45" of the SAC.

46. Deny the allegations set forth in paragraph "46" of the SAC.

47. Deny the allegations set forth in paragraph "46" of the SAC.

48. In response to the allegations set forth in paragraph "48" of the SAC, Defendants repeat and reallege the responses set forth in paragraphs "1" through "47" inclusive of their Answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the SAC, and affirmatively state that plaintiff's New York State contract law claim was dismissed.

50. Deny the allegations set forth in paragraph "50" of the SAC, and affirmatively state that plaintiff's New York State contract law claim was dismissed.

51. Deny the allegations set forth in paragraph "51" of the SAC, and affirmatively state that plaintiff's New York State contract law claim was dismissed.

52. In response to the allegations set forth in paragraph "52" of the SAC, Defendants repeat and reallege the responses set forth in paragraphs "1" through "51" inclusive of their Answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the SAC, and affirmatively state that plaintiff's New York Labor Law claim was dismissed.

**AS AND FOR A FIRST DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

54. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

55. The Complaint may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

56. At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice, and Defendants have not violated any rights, privileges or immunities of the plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

**AS AND FOR A FOURTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

57. Subject to discovery, plaintiff has failed to mitigate her damages, if any.

**WHEREFORE**, Defendants respectfully request that this Court enter an order and judgment dismissing the Complaint in its entirety, denying all relief requested, entering judgment for Defendants, and granting Defendants costs, fees, and expenses, together with such other and further relief as the Court deems to be just and proper.

Dated:   New York, New York
         October 24, 2018

                **ZACHARY W. CARTER**
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants
                100 Church Street, Room 2-125
                New York, New York 10007-2601
                (212) 356-2470
                tpachole@law.nyc.gov

By:   /s/
                Tomasz Pacholec
                Assistant Corporation Counsel

To:   Madeleine C. Ball (Via regular mail)
      25-61 34th St., Apt. 1
      Astoria, NY 11103

Case No. 17-CV-4828 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADELEINE C. BALL,

                Plaintiff,

-against-

THE NEW YORK CITY COUNCIL, and WILLIAM ALATRISTE, in his individual capacity,

                Defendants.

**ANSWER TO THE SECOND AMENDED COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-125
New York, N.Y. 10007

Of Counsel:  Tomasz Pacholec
Tel:  (212) 356-2470
Matter No. 2017-038816

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... , 2018*

*.................................................................. Esq.*

*Attorney for............................................................*