

<table>
<tr><td>ZACHARY W. CARTER<br>*Corporation Counsel*</td><td align="center">THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007</td><td align="right">TOMASZ PACHOLEC<br>Assistant Corporation Counsel<br>Labor & Employment Law Division<br>Phone: (212) 356-2470</td></tr>
</table>

November 28, 2018

**By ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re: Madeleine C. Ball v. New York City Council, et al.
         17-CV-4828 (JMF)

Dear Judge Furman:

  Defendants respectfully submit this joint letter on behalf of all parties regarding the parties' proposed settlement in the above-referenced case. For the reasons set forth below, the settlement is fair and reasonable, and should be approved.

  After engaging in settlement discussions, the parties negotiated and signed the "Stipulation of Settlement," which sets forth the amount of compensation the defendants agree to pay to the plaintiff and the terms in which the above-referenced action would be dismissed, with prejudice.[1] As such, the parties respectfully request that the Court approve the Stipulation of Settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this action with prejudice.

**I. Plaintiff's Allegations**

  Plaintiff alleges that she was a photojournalism intern for the New York City Council from June 14, 2015 to August 29, 2015 and worked a total of 236.5 hours for the Council. Plaintiff also alleges that the position was "paid and full-time," as opposed to an unpaid internship, which entitled her to minimum wage for each hour worked.

**II. Procedural History**

---

[1] A true and correct copy of the Stipulation of Settlement is attached as **Exhibit A**.

Plaintiff commenced this action by filing a complaint in the United States District Court in the Southern District of New York on June 26, 2017. Plaintiff's complaint, which was amended on October 24, 2017 and again on December 22, 2017, alleges claims against the defendants for failure to pay minimum wage under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for breach of contract under New York Law, and for failure to pay minimum wage under the New York Labor Law, N.Y. Lab. Law § 650 *et seq.* ("NYLL").

On September 26, 2018, the Court granted in part and denied in part defendants' motion to dismiss the SAC. In pertinent part, the Court dismissed plaintiff's NYLL and New York contract law claims in their entirety, all claims against Ramon Martinez, and all claims against William Alatriste in his official capacity. Following the Court's decision on defendants' motion to dismiss, the only claims that remained were plaintiff's FLSA claim against the New York City Council and William Alatriste, in his individual capacity.

On October 9, 2018, plaintiff initiated settlement discussions by sending a settlement proposal to defendants. On October 15, 2018, the parties spoke briefly regarding the possibility of settlement and the steps necessary for the parties to reach mutually agreeable terms. To that end, on October 23, 2018, defendants requested certain materials regarding Plaintiff's litigation expenses, such as mailing, and service receipts. Plaintiff provided the requested documentation later that day. On October 29, 2018, the parties agreed in principle to resolve the matter.

On October 30, 2018, the undersigned advised the Court that the parties had reached an agreement in principle to resolve the matter and were drafting settlement documents. On October 30, 2018, the Court cancelled the November 1, 2018 initial pretrial conference along with all pending deadlines in the instant action, and requested that the parties submit the agreed upon settlement agreement to the Court along with this joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable.

### III. Settlement Terms

The parties have agreed to settle this action in its entirety using the records provided by plaintiff showing the hours she worked, and the expenses she incurred in the instant litigation. Although defendants continue to deny any and all liability arising out of plaintiff's allegations, the parties reached mutually agreeable terms to settle this matter in its entirety. Pursuant to the Stipulation of Settlement, the defendants agreed to pay the plaintiff:

A. payroll compensation in the total amount of one thousand seven hundred twelve dollars and eighty-one cents ($1,712.81), less all applicable deductions and withholdings;

B. non-payroll compensation in the total amount of one thousand seven hundred twelve dollars and eighty-one cents ($1,712.81); and

C. litigation costs in the total amount of six hundred fifty-four dollars and twenty eight cents ($654.28), which is equal to the filing, service, and printing fees paid by plaintiff.

### IV. Analysis Regarding Review of FLSA Settlements

The Second Circuit requires that settlement agreements in Fair Labor Standards Act (FLSA) cases obtain court or Department of Labor approval. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). District courts in the Second Circuit "approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Clem v. Keybank, N.A., Clem v. Keybank, N.A.*, No. 13 cv 789 (JCF), 2014 WL 2895918, at *7 (S.D.N.Y. June 20, 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013).

Courts evaluating whether stipulated FLSA settlements are reasonable consider a variety of factors, including:

  (1) the plaintiffs' range of possible recovery;

  (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;

  (3) the seriousness of the litigation risks faced by the parties;

  (4) whether the settlement is the product of arm's-length bargaining between experienced counsel; and

  (5) the possibility of fraud or collusion.

*See Wolinsky v Scholastic, Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (internal quotations omitted).

The parties believe that the Stipulation of Settlement is fair and reasonable to both plaintiff and defendants. The settlement represents a good faith compromise of the parties' *bona fide* dispute regarding whether plaintiff was an "employee" and whether defendants were her "employer" under the FLSA. The strength of plaintiff's FLSA claims and the Defendants' defenses to those claims were both considered during settlement negotiations. Plaintiff also shared her expenses and payment records during negotiations. The parties considered all of these issues and negotiated terms believed to be fair to all parties.

As to the range of possible recovery, the parties consider this a fair settlement because it appropriately factors in the damages for plaintiff's remaining claims were she to be successful.

The parties respectfully submit that the above facts, coupled with: a) the early stage of litigation; and b) the relatively swift payout to plaintiff (as opposed to a speculative payment after years of litigation in the District Court), also weigh heavily in favor of the agreed upon settlement.

With respect to avoiding anticipating burdens and expenses, litigating FLSA damages can be a fact-intensive process demanding in-depth and costly investigation. Without this settlement, the parties would need to spend significant amounts of time, money and expenses to undertake discovery. Furthermore, with respect to the third factor, as noted above, there is no guarantee of success on either side. Given the uncertainty over the potential outcome at this stage in the litigation, the parties were motivated to settle this dispute. With respect to the fourth factor, that the parties engaged in good faith arm's-length negotiations in reaching this settlement compels the conclusion that the proposed settlement is fair and reasonable. *Chapman-Green v. Icahn House W. LLC*, No. 11 cv 1190 (MHD), 2013 WL 658245 *2 (S.D.N.Y. Feb. 21, 2013) ("[T]he

surrender of the possibility of liquidated damages gives plaintiff immediate relief and avoids the risk, which is not insubstantial, of a potential loss or a much smaller recovery."); *Johnson v. Brennan*, 2011 WL 4357376, *12 (S.D.N.Y. 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

For all the above reasons, the parties believe that this proposed settlement is fair and reasonable and therefore the parties respectfully request that the Court So Order the Stipulation of Settlement that is appended to the Agreement. The parties thank the Court for its attention to this matter.

Dated: New York, New York  
November 27, 2018

Dated: New York, New York  
November 27, 2018

Madeleine Ball  
Plaintiff *pro se*  
25-61 34th Street, Apt. 1  
Astoria, NY

ZACHARY W. CARTER  
Corporation Counsel of the City of New York  
Attorney for Defendants  
100 Church Street, Room 2-125  
New York, New York 10007  
Tel: (212) 356-2470

By: /s/ Madeleine Ball  
Madeleine Ball

By: /s/ Tomasz Pacholec  
Tomasz Pacholec  
Assistant Corporation Counsel

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MADELEINE BALL,

                                    Plaintiff,    **STIPULATION OF SETTLEMENT**

      - against -                17 Civ. 4828 (JMF)

NEW YORK CITY COUNCIL, and WILLIAM
ALATRISTE,

                                Defendants.
------------------------------------------------------------------- x

**WHEREAS,** plaintiff Madeleine Ball commenced this action by filing a complaint in the United States District Court in the Southern District of New York ("SDNY") on June 26, 2017, and amended on October 24, 2017 and December 22, 2017, alleging that defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and New York contract law; and

**WHEREAS,** defendants deny any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the individual defendant has been dismissed with prejudice from this action by a separate stipulation; and

**WHEREAS,** the parties now desire to resolve the claims and issues raised in this litigation by plaintiff, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. Plaintiff hereby dismisses all of her claims in the above-referenced action, with prejudice, and without costs, expenses or fees.

2. The City of New York agrees to pay plaintiff payroll compensation in the total amount of one thousand seven hundred twelve dollars and eighty-one cents ($1,712.81), less all applicable deductions and withholdings, by payroll check payable to plaintiff;

3. The City of New York also agrees to pay plaintiff non-payroll compensation in the total of one thousand seven hundred twelve dollars and eighty-one cents ($1,712.81), by check payable to "Madeleine Ball" and mailed to Madeleine Ball, 25-61 34th Street, Apt. 1, Astoria, NY 11103.

4. The City of New York further agrees to pay six hundred fifty-four dollars and twenty-eight cents ($654.28) for plaintiff's litigation costs. Payment shall be made by check, payable to Madeleine Ball and mailed to Madeleine Ball, 25-61 34th Street, Apt. 1, Astoria, NY 11103.

5. In consideration for all of the foregoing, plaintiff agrees to dismissal, with prejudice, of all claims that were or could have been raised in the above captioned action and to release and discharge the City of New York, New York City Council, and William Alatriste, their successors and assigns, and all present or former officials, employees, representatives or agents of municipal defendants (collectively the "Released Parties") from any and all claims, liabilities or causes of action arising out of the allegations in the Amended Complaint, including all claims arising under the Fair Labor Standards Act and the New York State Labor Law, and any and all common law claims, occurring from the beginning of the world up through and including the date of plaintiff's execution of a release, whether known or unknown, joint or several, whether or not discoverable, including, without limitation, any and all claims which were or could have been alleged by plaintiff in this action arising out of the events alleged in the complaint herein.

6. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a general release, an affidavit concerning liens, a stipulation of dismissal, and a substitute form W-9 completed by plaintiff.

7. Nothing contained herein shall be deemed to be an admission by defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules and/or regulations of the United States, the State of New York, the City of New York, or the New York City Council, or any other rules, regulations or bylaws of any department or subdivision of the New York City Council. This Stipulation of Settlement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except that the stipulation may be used by either party in connection with any subsequent action or proceeding related to enforcement of this Settlement Agreement.

8. Nothing contained herein shall be deemed to constitute a policy or practice of defendants.

9. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this settlement agreement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

10. This Stipulation of Settlement and any other documents executed by the parties hereto in furtherance of the purposes of this Stipulation of Settlement, shall be governed by, interpreted and enforced in accordance with the laws of the State of New York.

Dated: New York, New York  
November 27, 2018

Dated: New York, New York  
November 27, 2018

Madeleine Ball  
Plaintiff *pro se*  
25-61 34th Street, Apt. 1  
Astoria, NY  

By: */s/ Madeleine Ball*  
Madeleine Ball  

ZACHARY W. CARTER  
Corporation Counsel of the City of New York  
Attorney for Defendants  
100 Church Street, Room 2-125  
New York, New York 10007  
Tel: (212) 356-2470  

By: */s/ Tomasz Pacholec*  
Tomasz Pacholec  
Assistant Corporation Counsel

## WAIVER AND RELEASE

KNOW THAT I, MADELEINE BALL, the plaintiff in the action entitled Ball v. New York City Council, et al. now pending in the United States District Court, Southern District of New York, under Docket No. 17 Civ. 4828 (JMF) ("Second Amended Complaint"), in consideration for the payment of: (1) payroll compensation in the amount of one thousand seven hundred twelve dollars and eighty-one cents ($1,712.81), less all applicable deductions and withholdings; (2) non-payroll compensation in the total amount of one thousand seven hundred twelve dollars and eighty-one cents ($1,712.81); and (3) litigation costs in the amount of six hundred fifty-four dollars and twenty eight cents ($654.28), do hereby release and discharge the City of New York, the New York City Council, William Alatriste their successors, or assigns, and all past and present officials, employees, representatives and agents of municipal defendants (hereinafter, collectively, the "Released Parties") from any and all claims, liabilities or causes of action arising out of the allegations in the Second Amended Complaint, including all claims arising under the Fair Labor Standards Act and the New York State Labor Law, and any and all common law claims, including claims for attorney's fees, costs and distributions occurring from the beginning of the world up to and including the date of the execution of this Release, including, without limitation, any and all claims which were or could have been alleged by me in the Second Amended Complaint, including all claims for attorneys' fees, costs and disbursements. This Release may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING WAIVER AND GENERAL RELEASE AND FULLY UNDERSTANDS IT.**

**IN WITNESS WHEREOF,** I have executed this Waiver and General Release this 27 day of Nov., 2018.

_____
MADELEINE BALL

STATE OF New York, COUNTY OF New York ss.:
On 27 November 2018 before me personally came **MADELEINE BALL** to me known, and known to me to be the individual described in, and who executed the foregoing WAIVER AND RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

EMMANUEL LAFORTUNE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01LA6362844
Qualified in Kings County
Commission Expires 08/07/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

MADELEINE BALL,

                                          Plaintiff,

-against-

NEW YORK CITY COUNCIL, and WILLIAM
ALATRISTE,

                                          Defendants.
------------------------------------------------------------------- X

**STIPULATION OF
DISMISSAL WITH
PREJUDICE**

17-CV-4828 (JMF)

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties that, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the above-captioned action be, and it hereby is, withdrawn, discontinued, and dismissed with prejudice.

Dated: New York, New York
November 27, 2018

Madeleine Ball
Plaintiff *pro se*
25-61 34th Street, Apt. 1
Astoria, NY

By: _____
    Madeleine Ball

**SO ORDERED:**

_____
Date

Dated: New York, New York
November 21, 2018

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-125
New York, New York 10007
Tel: (212) 356-2470

By: _____
    Tomasz Pacholec
    Assistant Corporation Counsel

_____
U.S.D.J.

Docket No.: 17 Civ. 4828 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADELEINE BALL,

Plaintiff,

- against -

NEW YORK CITY COUNCIL, and WILLIAM ALATRISTE,

Defendants.

**STIPULATION OF SETTLEMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-125*
*New York, New York 10007*

*Of Counsel: Tomasz Pacholec*
*Tel.: (212) 356-2470*

Due and timely service is hereby admitted.

New York, N.Y. .................................., 2018

................................................................ *Esq.*

Attorney for................ ...........................................

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MADELEINE BALL,

                                Plaintiff,

- against -

NEW YORK CITY COUNCIL, and WILLIAM
ALATRISTE,

                                Defendants.
------------------------------------------------------------------- x

**STIPULATION OF DISMISSAL WITH PREJUDICE**

17 Civ. 4828 (JMF)

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, individual defendant **WILLIAM ALATRISTE**, be, and hereby is, dismissed from this action, with prejudice, and without costs, fees, or expenses, including attorneys' fees or expenses, to or from any party.

Dated: New York, New York
November 27, 2018

Madeleine Ball
Plaintiff *pro se*
25-61 34th Street, Apt. 1
Astoria, NY

By: _____
      Madeleine Ball

**SO ORDERED:**

_____
Date

Dated:  New York, New York
          November 27, 2018

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-125
New York, New York 10007
Tel: (212) 356-2470

By: _____
      Tomasz Pacholec
      Assistant Corporation Counsel

_____
U.S.D.J.

Docket No.: 17 Civ. 4828 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADELEINE BALL,

                              Plaintiff,

- against -

NEW YORK CITY COUNCIL, and WILLIAM ALATRISTE,

                              Defendants.

## STIPULATION OF DISMISSAL WITH PREJUDICE

### ZACHARY W. CARTER
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-125*
*New York, New York 10007*

*Of Counsel: Tomasz Pacholec*
*Tel.: (212) 356-2470*

Due and timely service is hereby admitted.

New York, N.Y. ..............................................., 2018

.............................................................................. Esq.

Attorney for................ ............................................